IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

12 AUG 20 PM 3: 25

| | |
|---|---|
| VINCENT LUCAS,<br>Plaintiff,<br><br>v.<br><br>TELEMARKETER CALLING FROM<br>(407) 476-5680 AND OTHER<br>TELEPHONE NUMBERS,<br>Defendant. | 1:12 CV 630<br><br>SPIEGEL<br>M.J. BOWMAN<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>1. Violation of the Federal Telephone Consumer Protection Act (47 USC § 227, 47 CFR § 64.1200)<br><br>2. Violation of the Ohio Telemarketing Act (Ohio Rev. Code § 109.87) and Ohio Telephone Solicitation Act (Ohio Rev. Code § 4719)<br><br>3. Invasion of privacy by unreasonable intrusion<br><br>4. Negligence<br><br>5. Nuisance |

1. The name of the Defendant is unknown at this time, despite several efforts by the Plaintiff to determine the identity of the Defendant. See ¶¶ 6, 8 infra. The Complaint will be amended when the Defendant's name is known.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims herein pursuant to 47 USC § 227(b)(3), 47 USC § 227(c)(5), and Ohio Rev. Code § 2305.01. This venue is appropriate because all the telephone calls described in the following paragraphs were received in Clermont County, Ohio.

## FACTS

3. In July 2002, the Cincinnati Bell assigned the phone number (513) 947-1695 to Vincent Lucas's residential telephone line in Amelia, Ohio. That phone number has been assigned to his residential phone line ever since. Since Vincent Lucas ("Lucas") purchased his residence, no other person has lived at that residence.

4. The phone number (513) 947-1695 is on the national Do Not Call registry (http://donotcall.gov) and has been since July 1, 2003.

5. The Defendant does not have an "established business relationship" with Lucas as that term is defined in 47 USC § 227(a)(2) and 47 CFR § 64.1200(f)(4) and Lucas has not given the Defendant express invitation or permission to call him.

4. On August 9, 2012 at 4:05 p.m., Lucas received the following message on his answering machine.

> ... account services and we're calling in reference to your current credit card account. There is no problems currently with your account. It is urgent however that you contact us concerning your eligibility for lowering your interest rate to as little as 6.9%. Your eligibility expires shortly so please consider this your final notice. Press the number 3 to discontinue further notices or press the number 1 on your phone now to speak with a live operator and lower your interest rates. Thank you and have a great day.

The message was delivered to Lucas's residential phone line (513) 947-1695 using an artificial or pre-recorded voice. The message does not state the identity of the caller or the phone number from which the call was made. Lucas's caller ID showed that the message came from (407) 476-5680, but did not show the identity of the caller.

5. The Defendant has called Lucas at telephone number (513) 947-1695 numerous times using the same pre-recorded message but different phone numbers. The Defendant called on 6/16/2012, 5/24/2012, 5/18/2012, 5/04/2012, 4/17/2012, 12/06/2012, 9/29/2011, 9/14/2011, 9/10/2011, 9/09/2011, 9/07/2011, and 7/22/2011. Lucas's caller ID has displayed the following as the caller's telephone number for various telephone calls made by the Defendant: 253-382-9903, 503-457-1300, 503-902-8480, 407-429-9999, 503-902-8479, 508-475-1352, 508-475-1394, 305-304-9999, 206-496-0802, 407-480-9999, 406-219-2301, 206-312-9999.

6. During one of the pre-recorded messages, Lucas pressed one to speak to a live representative. Lucas asked the representative what the name and address of the business or organization is that was calling. The representative only identified the business as "card member services." When Lucas pressed for more information regarding what the name of the business was, the representative said that the business was card member services for "Visa".

7. In truth, the Defendant is not Visa U.S.A, Inc. and is not authorized by Visa U.S.A., Inc. to act on their behalf.

8. During another telephone call, Lucas pressed one to speak to a live representative and again asked the representative for the name and address of the business or organization that was calling. Again the representative only identified the business as "card member services."

3

9. During several telephone calls, the Defendant transmitted false information to Lucas's caller ID in violation of 47 USC § 227(e). The Defendant called Lucas and used the pre-recorded message described in ¶ 4. During the call, Lucas's caller ID said that the call was from (407) 429-9999. Lucas promptly called back that telephone number and heard a message (presumably from the telephone company) that said that the telephone number is not in service.

10. Lucas has suffered actual economic loss as a result of the actions of the Defendant described above. The Defendant's actions have wasted the time of Lucas. If it were not for the actions of the Defendant, Lucas could have used that time to earn money by working more hours at his occupation.

## CAUSES OF ACTION

### VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), OHIO TELEMARKETING ACT, AND OHIO TELEPHONE SOLICITATION ACT

11. The Defendant willfully violated the Federal Telephone Consumer Protection Act and Ohio Telephone Solicitation Act by the actions described in ¶¶ 4-9. Namely,

- the telephone calls were made to a residential line using an artificial voice (47 USC § 227(b)(1)(B));

- the calls were made to a number listed on the national Do Not Call registry (47 USC § 227(c));

- the calls did not state the identity and telephone number or address of the entity making the call (47 USC § 227(d)(3)(A), Ohio Rev. Code § 4719.06); and

- the Defendant knowingly caused the caller identification system to transmitted false information during some of the calls (47 USC § 227(e))

4

12. The Defendant also violated the Ohio Telemarketing Act at Ohio Rev. Code § 109.87(B)(1) by the actions described in ¶¶ 4-9.

## INVASION OF PRIVACY

13. The persistent, unwanted telephone calls made by the Defendant as described in ¶¶ 4-9 invaded the Plaintiff's right to privacy by unreasonable intrusion into the solitude and seclusion of his home.

## NEGLIGENCE

14. The Defendant was negligent per se in violating the Federal Telephone Consumer Protection Act, Ohio Telephone Solicitation Act, and Ohio Telemarketing Act.

## NUISANCE

15. The actions of the Defendant described in ¶¶ 4-9 are a nuisance which has interfered with the Plaintiff's lawful enjoyment of his home.

## CIRCUMSTANCES WHICH JUSTIFY TREBLE AND PUNITIVE DAMAGES

16. The Defendant performed the actions described in the preceding paragraphs willfully and knowing that the actions violate the TCPA and Ohio law. The Defendant performed these actions with willful, reckless disregard of the rights of the Plaintiff, and hence the actions demonstrate malice.

WHEREFORE, the Plaintiff asks that the Court grant him the following relief:

1. Award the Plaintiff $39,000 plus actual and punitive damages. This amount equals $1500 for each call which violated 47 USC § 227(b)(3), $1500 for each call which violated 47 USC § 227 (c)(5), and actual and punitive damages for the causes of action under Ohio tort law.
2. Award the Plaintiff costs, attorney fees, and interest,
3. Issue a permanent order requiring the Defendant to pay the Plaintiff $1500 each and every time in the future that they call the Plaintiff plus an additional $1500 each time that they call using an artificial or pre-recorded voice, or permanent injunction prohibiting the Defendant from making telephone calls to the Plaintiff, and
4. Such further relief as may be appropriate.

Respectfully submitted,

Vincent Lucas
7 Arrowhead Dr.
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff