**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VINCENT LUCAS,                                            Case No. 1:12-cv-630

          Plaintiff,                                Spiegel, J.
                                              Bowman, M.J.

     v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

          Defendants.


# MEMORANDUM ORDER

Plaintiff paid the requisite filing fee and initiated this litigation *pro se* on August 20, 2012, asserting that three Defendants violated federal and state law by engaging in illegal telemarketing practices.  (Doc. 2, Amended Complaint).  Pursuant to the practice and General Orders of this Court, this *pro se* litigation has been referred to the undersigned magistrate judge for review and disposition, by order or by report and recommendation, of all dispositive and non-dispositive motions.

On November 27, 2012, Plaintiff filed a motion seeking a preliminary injunction against all three Defendants.  Only two of those Defendants have been served and have appeared of record:  Manchester Services, Inc., and Sub-Par Ventures, LLC - both identified as Missouri business entities.  The third, non-appearing Defendant, Qall Cord

1

Philippines Ltd Co., ("Qall Cord") is a foreign entity identified as "a business incorporated in the Philippines."

On December 14, 2012, the undersigned granted Plaintiff's request for a telephonic hearing.  (Doc. 7).  Defendants subsequently sought and were granted additional time in which to file a written response to Plaintiff's request for preliminary injunction.  Following a scheduling conference held on January 8, 2013 at which all appeared except Qall Cord, the Court scheduled an evidentiary hearing on February 12, 2013 concerning Plaintiff's motion for preliminary injunction.

On January 23, 2013, Plaintiff filed a Stipulation of Dismissal, notifying this Court that the parties have resolved all claims filed by Plaintiff against Defendants Manchester Services, Inc. and Sub-Par Ventures LLC.  On January 28, 2013, Plaintiff transmitted a similar notification via email to this Court, stating that the two referenced Defendants "are no longer parties to this case."

As stated, the only remaining Defendant, Qall Cord, has not yet appeared of record.  Rule 4(f)(1) permits service upon a foreign corporation "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention…."  However, the Republic of the Philippines is not a party to the Hague Convention, and Plaintiff has identified no other relevant international agreement that controls service. *Accord Ty v. Celle*, 1996 WL 452408 (S.D.N.Y, Aug. 9, 1996)(unpublished, discussing service on entity incorporated in the Philippines under prior version of Rule 4, and the law effecting service in the Republic of the Philippines).

Plaintiff indicates in his email to the Court that he is willing to "submit a supplemental memorandum, backed by evidence, documenting the efforts to notify" the

foreign Defendant of the scheduled evidentiary hearing.  Plaintiff additionally explains that he is "preparing a Rule 4(f)(3) motion to order service of the summons by email or other means, since service under Rule 4(f)(2)(C)(ii) was attempted by the Clerk" without success.   Rule 4(f)(3) is a catch-all provision that permits service upon a foreign individual or foreign corporation "by other means not prohibited by international agreement, as the court orders."

In short, Plaintiff's email to this Court confirms the lack of service on the lone remaining Defendant, Qall Cord.  It is unclear whether this Court ultimately will be able to exercise jurisdiction over that foreign Defendant.  However, it is a virtual certainty, given the state of the present record, that nothing of substance can be accomplished at the scheduled evidentiary hearing.

As stated, Plaintiff filed his original complaint on August 20, 2012, and an amended complaint on November 27, 2012.  (Docs. 1, 2).  Neither the original complaint nor the amended complaint have yet been served on Qall Cord.  Rule 4(m) of the Federal Rules of Civil Procedure generally provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  *Murphy Bros., Inc. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999).  Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over this Defendant.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Upon a showing of good cause for the failure to effect timely service, "the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). In the absence of a showing of good cause, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action.  *See Osborne*, 217 F.R.D. at 408; *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987).

Until such time as both the issue of service and this Court's personal jurisdiction over Qall Cord are established, **IT IS ORDERED**:

1. The hearing scheduled for February 12, 2013 is **VACATED**;

2. Plaintiff shall file a motion pursuant to Rule 4(f)(3) within 14 days of this Order;

3. To avoid confusion of the record, Plaintiff shall refrain from contacting chambers by telephone or from transmitting further information via email to Bowman_Chambers@ohsd.uscourts.gov.  Instead, Plaintiff shall file any information relating to this case in the record via the ECF system.  To the extent that the document to be filed is not a Stipulation or Motion, Plaintiff shall file the document as a "Notice," or,

4

alternatively, may seek the assistance of the Clerk of Court by contacting the main number of the Cincinnati Clerk's Office at 513-564-7500.

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge