```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

VINCENT LUCAS,                         :     Case No. 1:12-cv-00630
                                       :
      Plaintiff,                       :
                                       :
                                       :
      vs.                              :     **OPINION AND ORDER**
                                       :
TELEMARKETER CALLING FROM              :
(407) 476-5680 AND OTHER               :
TELEPHONE NUMBERS, et al.,             :
                                       :
      Defendants.                      :

This matter is before the Court on the Magistrate Judge's June 6, 2013 Report and Recommendation (doc. 37), to which Plaintiff has filed objections (doc. 39) and Defendants Pacific Telecom Communications Group, Steve Hamilton, Telephone Management Corporation, International Telephone Corporation, Fred Accuardi and F. Antone Accuardi have replied (doc. 45).

In brief, Plaintiff filed an Amended Complaint against three entity Defendants, Manchester Services, Inc., Sub-Par Ventures, LLC, and Qall Cord Philippines Ltd Co.,[1] as well as the unknown Defendant referenced in the case caption (doc. 2), alleging violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Ohio Telemarketing Act, O.R.C. § 109.87 and Ohio Telephone Solicitation Act, O.R.C. §

---

[1]

1

4719, the Ohio Consumer Sales Protection Act, O.R.C. § 1345 ("OCSPA"), and state law tort claims of invasion of privacy, negligence and nuisance. Concomitantly, Plaintiff filed a Motion for Preliminary Injunction against the three entity Defendants (doc. 3). Plaintiff later filed a stipulation of dismissal with prejudice, however, with regard to Defendants Manchester Services, Inc. and Sub-Par Ventures, LLC (doc. 14), and, with leave of Court (see doc. 19) thereafter filed a Second Amended Complaint that added six additional named Defendants, Pacific Telecom Communications Group, Steve Hamilton, Telephone Management Corporation, Inc., International Telephone Corporation, Fred Accuardi, and F. Antone Accuardi (doc. 20).[2] Plaintiff eventually also filed a second motion for preliminary injunction against the six Defendants added in the Second Amended Complaint (doc. 22).[3]

While service had been perfected with regard to the two Defendants that were dismissed (see docs. 9, 10) and the six additional Defendants named in the Second Amended Complaint (doc. 28), it remained problematic with regard to the remaining named Defendant Qall Cord Philippines Ltd Co. ("Qall Cord"), a

---

[2] With regard to Qall Cord, which remained a named Defendant, Plaintiff's Second Amended Complaint includes dates of additional calls he claims to have received since the filing of his first Amended Complaint as well as a recalculation of the damages he seeks as a result.

[3] These six Defendants filed a Motion to Dismiss all of the claims asserted against them in Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 35). The Magistrate Judge's June 6 Report and Recommendation does not address the merits of Defendants' motion (see doc. 37 at 1-2).

foreign company identified as "a business incorporated in the Philippines". At Plaintiff's request, the Clerk attempted service by international mail, return receipt requested under Fed. R. Civ. P. 4(f)(2)(C)(ii) (see docs. 13 and 17). Plaintiff next filed an ex parte motion for an order to serve said Defendant by e-mail under Fed. R. Civ. P. 4(f)(3) (see doc. 16). The Magistrate Judge granted Plaintiff's motion and very specifically instructed how the e-mails were to be worded, to what address they should be sent and by whom (the Clerk and another person designated by Plaintiff), and what steps to take in the event of an e-mail delivery failure notification (also known as an e-mail "bounce" message) (doc. 19 at 3-4). Thereafter, the Clerk sent the two e-mails it was directed to send by the Magistrate Judge; no e-mail delivery failure notifications occurred (see docket entries dated 02/22/2013 and 02/26/2013). Likewise, the person designated by Plaintiff also sent an e-mail according to the Court's instruction; no e-mail delivery failure notification occurred in this instance either (see doc. 21). With service thus perfected, Plaintiff made application to the Clerk for an entry of default pursuant to Fed. R. Civ. P. 55(a) (doc. 24). An Entry of Default was docketed three days later (doc. 25). Plaintiff then filed a motion for default judgment against Defendant Qall Cord pursuant to Fed. R. Civ. P. 55(b) (doc. 27).

In her June 6 Report and Recommendation, Magistrate Judge Bowman recommended that Plaintiff's first motion for preliminary injunctive relief filed (doc. 3) be denied as moot and that his second motion for preliminary injunctive relief (doc. 22) be denied on its merits. In contrast, however, she recommended that Plaintiff's motion for entry of default judgment against Defendant Qall Cord be granted. She further recommended that Defendant Qall Cord be directed to pay Plaintiff a total damage award of $36,000. She computed the award as follows. Citing Charvat v. NMP, LLC, 656 F.3d 440, 449 (6th Cir. 2011), she noted that an aggrieved person may recover $1,500 for each willful or knowing violation of the TCPA's automated-call requirements (47 U.S.C. § 227(b)(3)), as well as $1,500 for each willful or knowing violation of the TCPA's do-not-call list requirements (47 U.S.C. § 227(c)(5)), for a total of $3,000 per call. Thus, the Magistrate Judge recommended an award of $30,000 in federal statutory damages for the ten calls placed by Defendant Qall Cord to Plaintiff's residential telephone number. With regard to Plaintiff's state statutory claims, again citing Charvat as authority, she noted that violations of the TCPA also can constitute independent violations of the OCSPA. 656 F.3d at 451-52. She concluded that Plaintiff had alleged facts adequate to support three (rather than four as pled) distinct claims, for a total of $600 per call. Thus, the Magistrate Judge

4

recommended an additional award of $6,000 in state statutory damages for the same ten calls. Together, federal and state statutory damages combined for a total recommended award of $36,000. The Magistrate Judge recommended against any damage award, under either federal or state statute, with respect to the two calls from Qall Cord in which a message was not left on Plaintiff's residential telephone answering machine.

Plaintiff does not object to the Magistrate Judge's recommendation that his first motion for preliminary injunction be denied as moot (doc. 39 at 8). Regarding the Magistrate Judge's recommendation that his second motion for preliminary injunction be denied, he asks the Court to not adopt "any findings that would have an impact on the determination of permanent injunctive relief" (id.).[4] Finally, he objects to the Magistrate Judge's recommendation against awarding him any federal or state statutory damages for the two calls from Qall Cord in which no message was left on his residential telephone answering machine. Rather, he believes his is entitled to receive federal statutory damages of $1,500 per call for a total of $3,000 and state statutory damages of $200 per call for a total of $600. Thus, he asks this Court to award him the

---

[4] The brief reply filed by the six Defendants added by Plaintiff in his Second Amended Complaint is directed only to this portion of the Magistrate Judge's June 6 Report and Recommendation and Plaintiff's objection thereto. It voices agreement with the Magistrate Judge's finding and simply asks the Court to "overrule and dismiss" Plaintiff's objection (doc. 45 at 1).

$36,000 recommended for the ten calls containing a pre-recorded message offering to lower his interest rate and to award him an additional $3,400, for a total of $39,400.

In conclusion, we accept the Magistrate Judge's recommended disposition with regard to Plaintiff's first and second motions for preliminary injunction.  Accordingly, Plaintiff's Motion for Preliminary Injunction filed November 27, 2012 is DENIED as moot and Plaintiff's Motion for Preliminary Injunction filed March 11, 2013 is DENIED on its merits.  We likewise accept the Magistrate Judge's recommended disposition with regard to whether to grant Plaintiff's motion for an entry of default judgment, but modify her recommended damage award.  Accordingly, Plaintiff's Motion for Default Judgment against Qual Cord Philippines Ltd. Co. filed April 2, 2013 is GRANTED, and Defendant Qall Cord Philippines Ltd. Co. is directed to pay Plaintiff damages in the amount of $39,400.

SO ORDERED.


Dated: August 22, 2013        s/S. Arthur Spiegel_____
                              S. Arthur Spiegel
                              United States Senior District Judge

6