IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT LUCAS, | : | Case No. 1:12CV630-SAS-SKB |
| Plaintiff, | : | Spiegel, J. |
| | : | Bowman, M.J. |
| | : | |
| v. | : | **DEFENDANTS' F. ANTONE** |
| | : | **ACCUARDI, FRED ACCURADI,** |
| | : | **STEVE HAMILTON,** |
| | : | **INTERNATIONAL** |
| PACIFIC TELECOM COMMUNICATIONS | : | **TELEPHONE CORP., PACIFIC** |
| GROUP, et al., | : | **TELECOM COMM. CORP. AND** |
| Defendants. | : | **TELEPHONE MGNT. CORP REPLY** |
| | : | **TO PLAINITFF'S MEMORANDUM** |
| | : | **IN OPPOSITION OF DEFENDANTS'** |
| | : | **MOTION TO DISMISS** |
| | : | |

Defendants F. Antone Accuardi, Fred Accuardi, Steve Hamilton, International Telephone Corporation ("ITC"), Pacific Telecom Communications Group ("PacTel"), and Telephone Management Corporation ("TMC") (herein collectively referred to as "Moving Defendants"), hereby file their Reply to Plaintiff's Memorandum in Opposition of Defendants' Motion to Dismiss. For the reasons set forth more fully in the Memorandum of Law, Moving Defendants respectfully request that this Court GRANT their Motion to Dismiss for failure to state a claim.

                                                  Respectfully submitted,

                                                  */s/ Helen Mac Murray*
                                                  Helen Mac Murray     (0038782)
                                                  Allison L. Harrison    (0086324)
                                                  Attorneys for Defendants
                                                  Mac Murray, Petersen & Shuster, LLP
                                                  6530 West Campus Oval, Suite 210
                                                  New Albany, Ohio 43054
                                                  Telephone: (614) 939-9955
                                                  E-mail: hmacmurray@mpslawyers.com
                                                  E-mail: aharrison@mpslawyers.com

## **MEMORANDUM OF LAW**

I. Introduction

Plaintiff's response to the Motion to Dismiss fails to overcome the substantial legal issues raised by Moving Defendants' Motion to Dismiss. Rather, Plaintiff's response relies upon outdated and misapplied case law, as well as advocating policy arguments, which in essence, ask this Court to legislate from the bench and create new laws that would create liability under a telemarketing law for parties that do not telemarket.

II. Law and Argument

A. THE COMPLAINT DOES NOT STATE A VALID CLAIM UNDER THE TCPA BASED ON VICARIOUS AND/OR CONTRIBUTORY LIABILITY.

In Plaintiff's vain attempt to find a viable cause of action to assert against Moving Defendants, he wraps the FCC's Declaratory Ruling and the FTC'S Telemarketing Sales Rule (TSR) together to create a claim for vicarious liability under the TCPA to "knowingly assist or facilitate illegal telemarketing." Plaintiff's Memo in Opposition, p. 4; *also see* 16 C.F.R. 310. Plaintiff's attempt fails on several grounds. Most importantly, Plaintiff ignores the fact that the Telephone and Consumer Protection Act ("TCPA") does not affirmatively prohibit assisting or facilitating violations of that regulation. 47 U.S.C. 227. The TSR does include such a specific provision. It provides in part:

> (b) Assisting and facilitating. It is a deceptive telemarketing act or practice and a violation of this Rule for a person to provide substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates §§ 310.3(a), (c) or (d), or §310.4 of this Rule.

16 C. F. R. §310.3(b).

This frustrates Plaintiff because he realizes that the FTC has no jurisdiction over common

carriers such as such as a CLEC.[1] He can find no assistance in Ohio law because there is no private right of action under O.R.C. §109.87. Thus, he asks this Court to create a cause of action under federal common law for the theory of vicarious liability arising out of sections 227(b) and (c) of the TCPA.

In its April 17, 2013 Declaratory Ruling ("Ruling"), the FCC clearly does find that sellers "may be held vicariously liable for certain third party telemarketing calls." FCC Declaratory Ruling (adopted April 17, 2013), at para. 28. The FCC rejected, however, the contention that this Ruling was extending vicarious liability beyond agency principles. *Id.*, at Para. 31. The Commission declared that "such a new interpretation is not appropriate for a Declaratory Ruling" and concluded that such an interpretation would require notice and comment rulemaking. *Id.*, at Para. 32 (The FCC also reaches the same conclusion in para. 31 that notice and comment rulemaking would be required if they were to construe "on behalf of" liability to prerecorded calls under §227(b) because that phrase is not contained in that subsection).

Plaintiff weaves a fine tale here about the Ruling, but in the end, the parties agree that the Declaratory Ruling creates no type of vicarious liability that would ensnare any of the Moving Defendants. Rather, Plaintiff urges this Court to create under federal common law the claim of "applying vicarious liability to willfully assisting illegal telemarketing." Plaintiff's Memo in Opposition, P. 6 and 7.

Assuming this Court would make such a huge leap on its own, Plaintiff's claims would still fail because he does not allege any facts that would support that an agency relationship exists between him and any of the Moving Defendants. Plaintiff's Memo in Opposition does not dispute this fact.

The FCC justified its extension of vicarious liability over sellers because they are in the

---

[1] CLEC stands for "Competitive local exchange carrier," such as Defendant PacTel.

3

best position to monitor third party telemarketers. Ruling at Para. 37. Citing the Restatement (Third) of Agency, §1.01, the FCC referenced the classical definition of "agency" where one party acts on the other's behalf and is subject to the other's control. *Id.*, at Para. 34. Plaintiff has not even alleged who these illegal telemarketers are much less cited facts that would claim that the Moving Defendants had any sort of control over these unknown entities. Plaintiff simply has not alleged facts that the Moving Defendants were involved in an agency relationship when he cannot even name the purported wrongdoer himself.

Plaintiff asks this Court to skip this step and consider only his policy arguments. This is understandable from a *pro se* layperson's perspective (although one well versed in telemarketing law). Even if this Court were willing to consider expanding the TCPA in such a fashion, this Court should surely follow the Sixth Circuit's lead. In *Charvat v. Echostar Satellite LLC*, 630 F.3d 459, 465-66, 468 (6th Cir. 2010), the Sixth Circuit found that the question of what standard to apply to determine when a person may be held vicariously liable for a violation of the TCPA "implicate[s] the FCC's statutory authority to interpret the Act." The Sixth Circuit subsequently referred the matter to the FCC. *See* Ruling generally.

It is not necessary, however, to go that far. The FCC in its Ruling stated that vicarious liability under the TCPA does have its limits. *Id.* atPara. 45. It provided the example of a manufacturer not being liable for a reseller's conduct because "the manufacturer would not be a seller at all." *Id.* Plaintiff, however, asks this Court to go beyond applying vicarious liability to Moving Defendants and find that federal common law's reach extends beyond a telemarketer and a seller and should be applied to a party that assigns telephone numbers to an entity who is not the telemarketer or the seller.

Plaintiff further asserts that Moving Defendants should be liable under principles set forth in *A&M Records v. Napster, Inc.,* 239 F.3d 1004 (9th Cir. 2001). The case holds a service provider, Napster, liable for its user's activity because it was aware of the illegal activity and thus, causes or

4

materially contributes to the illegal activity. The court clarified that the service provider must have "*actual* knowledge of that *specific* infringing material" to be held contributory liable. *Id.* at 1022. Without the specific information identifying the illegal act, the service provider cannot be held contributory liable "merely because the structure of the system allowed for the exchange" of illegal material. *Id.* at 1021.

Plaintiff never pleads that Moving Defendants had actual knowledge that all the calls Plaintiff received were in violation of the TCPA. TMC provides its clients a CNAM-MS system which allows the client complete control over the caller ID name displayed. Third Amended Complaint at ¶ 54. Plaintiff never alleges TMC has actual knowledge that the calls Plaintiff received did not display the legally appropriate caller ID information. Nor does Plaintiff plead that PacTel, a CLEC, had actual knowledge that the specific call Plaintiff received was in violation of the TCPA. If TMC and PacTel do not have the requisite knowledge, their purported "shell" company does not ITC to have such knowledge. Therefore, Plaintiff has failed to alleged that any of the Moving Defendants have actual knowledge of the specific calls to Plaintiff were made in violation of any state or federal law. Absent specific allegations, it would be contrary to the *Napster* holding to find Moving Defendants liable merely because the structure of its systems allowed for the exchange of allegedly illegal material.

Holding Moving Defendants vicariously liable would open Pandora's Box, contrary to Plaintiff's allegation. Plaintiff's Memo in Opposition at 10. If all CNAM-MS can be held vicariously liable for its client's misuse of the system, the risk of being in the CNAM-MS business would not be worth the return on investment. Plaintiff claims that Napster was not forced out of business after being held vicariously liable. However, Napster filed bankruptcy shortly after the A&M's case was decided. District of Delaware Bankruptcy Court, Case 02-11573-KG, filed June, 2002, date terminated March, 2006. Without CNAM-MS companies, consumers would lose a valuable tool, as caller ID would be rendered useless. This result would be contrary to public

5

policy – consumers have the right to know who is calling. To avoid this public policy nightmare, Moving Defendant's should not be held vicariously liable for the alleged violations of the alleged telemarketers.

    B.  THE COMPLAINT DOES NOT STATE A CLAIM FOR NEGLIGENCE.

Plaintiff's negligence arguments in his Reply Memorandum fail because he cites irrelevant and factually distinguishable cases. In addressing Moving Defendants' Motion to Dismiss the negligence claims, Plaintiff relies primarily on two (2) cases, *Pavlides v. Niles Gun Show, Inc.,* 93 Ohio App. 3d 46 (5th Dist. 1994) and *Housh v. Peth,* 165 Ohio St. 35 (1956), as well as a case that he admits in a footnote does not support his assertions, *Chambers v. St. Mary's School*, 82 Ohio St. 3d. 563 (1998). In footnote 6, Plaintiff acknowledges that the *Chambers* court "found that a violation of an Ohio administrative rule is not negligence *per se.*" However, he attempts to distinguish the FTC rule making process from the Ohio Administrative Rules. Regardless of how this Court would rule on such a distinction, the analysis is not necessary, as Plaintiff has failed to plead the necessary elements of negligence in his Complaint.

*Housh* may acknowledge that Ohio courts recognize a "right of privacy," but not in the context of a negligence action. Rather, the case addresses whether prejudicial errors were involved in jury instructions. 165 Ohio St. 35.

Plaintiff claims that the *Pavlides* case demonstrates that gun show promoters owe a duty to the general public. *Pavlides* does not find this conclusion at all. Rather, it was simply a decision on appeal regarding a motion for summary judgment. On remand, the trial court found that "defendants, as promoters of a gun show . . ., <u>owed no legal to protect the general public from third parties</u> who may steal a firearm from the exhibition and subsequently use the weapon to injure a member of the general public." *Id.* at 48.

While Plaintiff acknowledges that he has not pleaded that Moving Defendants owed him a

6

duty or breached such duty, he believes his complaint "contains enough information from which the material elements of plaintiff's claims can be inferred." Plaintiff's Memo in Opposition at p. 11, citing *Fisher v. Roberts*, 125 F. 3d 974, 978 (6th Cir. 1997). While it may be true that a complaint which contains enough information may have the elements of negligence inferred, Plaintiff's does not. A complaint which entirely lacks "factual content is more than a pleading technicality" and the elements of negligence cannot be inferred. *V.R. Entm't v. City of Ann Arbor*, 2012 U.S. Dist. LEXIS 110130 (E.D. Mich., June 22, 2012). For the reasons stated above, Plaintiff has not stated enough facts to support the existing negligence case law. Thus, his claim for negligence should be dismissed.

### C. THE COMPLAINT DOES NOT STATE A CLAIM FOR NUISANCE.

As noted in Moving Defendant's Motion to Dismiss, Plaintiff's Complaint does not allege nuisance against Moving Defendants. The cause of action cross-references Paragraphs 18-26 in his Third Amended Complaint. These paragraphs loosely reference telemarketers, telephone calls and messages, but never specifically reference Moving Defendants. Since Moving Defendants do not engage in the activities referenced in those paragraphs, the cause of action cannot rightfully be asserted against them.

Further, "nuisance liability requires more than a passive or attenuated causal connection" between the action and the alleged harm. *Redevelopment Agency v. BNSF Ry.*, 643 F.3d 668, 674 (2011) Footnote 2, citing *City of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292, 309-310 (2006). Plaintiff asserts that Moving Defendants are like "a neighbor that habitually has loud parties that disturb the peace and quiet of one's home." Plaintiff's Response to Motion to Dismiss at 16. However, Plaintiff is misusing the analogy. The telemarketer is the loud neighbor; Moving Defendants are like the record label that produced the music. Using his analogy, would the record company be liable for the loud music? I think not. It is much too attenuated of a connection to assess liability. Without more than a passive connection and the

alleged harm, Moving Defendants cannot be held liable for nuisance.

    D.  THE COMPLAINT DOES NOT STATE A CLAIM FOR PERSONAL LIBILITY.

In *Meyer v. Holley,* the Supreme Court of the United States rejected the Ninth Circuit's holding that owners and officers be liable for an employee's unlawful acts simply because they controlled (or had the right to control) an employee's actions. 537 U.S. 28 (2003). The Court further stated "Congress said nothing in the Act or in the legislative history about extending vicarious liability in this manner." Similarly, the TCPA makes no provision for such personal liability in the absence of a claim that the individual defendants initiated a telemarketing call or it was made on their behalf.

Moreover, an officer may be held personally liable under the TCPA *only if* "he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not *merely tangentially involved*." *Texas v. American Blast Fax, Inc.,* 165 F.Supp.2d 892, 898 (W.D. Tex. 2001). Again, Plaintiff has not made any such allegations.

Plaintiff has not properly pled the requirements for personal liability as they relate to any cause of action. While Moving Defendants agree that Plaintiff's pleading need not contain "detailed factual allegations," the Complaint must put defendants on notice of the alleged bad acts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). A thorough reading of the Complaint does not give any of the individual Moving Defendants notice of which causes of action Plaintiff believes them to be personally liable, and therefore, the Complaint must be dismissed.

Further, it is well-settled that a "corporation is a separate legal entity from its shareholders, even where there is but one shareholder." *E.g., First Natl. Bank of Chicago v. Trebein Co.,* 59 Ohio St. 316, 52 N.E. 834 (1898); *Suzzi, Inc. v. Atlantic Dept. Stores*, 359 N.E.2d 721, 724-725, fn. 1 (1976). Generally a corporation can only be held liable for corporate obligations in certain circumstances. *See O'Neill v. United States,* 281 F.Supp. 359 (N.D. Ohio 1968), affirmed (C.A.6, 1969), 410 F.2d 888. However, courts may "pierce the corporate veil" in certain circumstances none of which have been pled herein. *See Belvedere Condominium Unit Owners' Ass'n v. R. E. Roark Cos., Inc.*, 67 Ohio St. 3d 274, 617 N.E.2d 1075 (1993). *See also Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008 Ohio 4827,

895 N.E.2d 538 (2008).

Plaintiff has not plead facts or circumstances sufficient to survive Moving Defendants' Motion to Dismiss. As stated in Moving Defendants' Motion to Dismiss, the individual Moving Defendants were only generally "actively involved in management" or "participated in tortious behavior." *See* Third Amended Complaint at ¶¶ 89, 91 and 93. However, Plaintiff has failed to plead or specifically allege that the Moving Defendants were personally involved in the alleged illegal activity. Without such facts being plead, the Plaintiff does not meet the requisite for personal liability under the TCPA, and this claim should be dismissed.

D. THE COMPLAINT DOES NOT SET FORTH ENOUGH ALLEGATIONS FOR JOINT ENTERPRISE LIABILITY.

In his Memorandum in Opposition of Defendants' Motion to Dismiss, Plaintiff states that "[u]nless the Court finds that the complaint would completely fail to state a claim against one of the defendants if it were not for the joint enterprise allegations, the Court need not decide the sufficiency of the joint enterprise allegations in a Rule 12(b)(6) motion." Plaintiff's Memo in Opposition at p.19. Moving Defendants agree that the Court need not decide the sufficiency of the joint enterprise allegations, but for different reasons. Moving Defendants assert that all claims should be dismissed and no analysis would ever be necessary a to joint enterprise liability. However, assuming *argumendo* that this court denies Moving Defendants' request to dismiss all substantive claims, the Court should dismiss the joint enterprise claim.

Plaintiff's argument in his Response cites a different cause of action in support of his claim for joint enterprise liability. He cites the Restatement (Second) of Torts 876(a) which explains "persons acting in concert," not joint enterprise liability. Plaintiff cannot raise a new cause of action for the first time in his response to Moving Defendants' Motion to Dismiss. *Budd v. Kinkela*, 2002 Ohio 4311, 10 (10th App. Dist., 2002).

Joint enterprise liability requires the parties to have "authority to act for all in respect to control of the agencies employed to execute such common purpose." *Ransom v. Feeney*, 81 Ohio

App. 7, 8 (3rd Ap. Dist. 1947). Without facts to support the authority to act, a claim for joint enterprise liability cannot be successful. *Id.* at 9. In contrast, acting in concert requires (a) a tortious act with another or pursuant to a common design, (b) each tortfesor knows the other's conduct is a breach of a duty of care and (c) the conduct gives substantial assistance to the other party. Restatement (Second) of Torts 876. No authority to act on the others behalf is required. Without pleading the Moving Defendants have authority or control to act on each other's behalf, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the claim should be dismissed.

E. <u>THE COMPLAINT DOES NOT STATE A CLAIM FOR INJUNCTIVE RELIEF.</u>

Similarly to Plaintiff's argument that joint enterprise liability is not an issue for a 12(b)(6) Motion, Moving Defendants assert that the issue for injunctive relief is not proper for a 12(b)(6) Motion. Unlike Plaintiff's request for a temporary injunction, which this Court already denied, injunctive relief is a remedy that should only be determined once the merits of the case have been decided. Because there has been no determination as to liability at this point in the proceedings, the case is not ripe for an evaluation of damages and/ or relief, including injunctive relief.

III. *Conclusion*

Plaintiff makes his request that the Court deny Moving Defendants' Motion to Dismiss notwithstanding the fact that it is well settled that "[o]ur constitutional principles of separation of powers withhold from the judiciary the power to interfere with the actions of our legislative branch of the federal government. It is this Court's obligation to interpret the law when faced with a case or controversy. The Court, however, is precluded from interfering in the passage of the laws by Congress. Furthermore, the Court is not authorized to legislate from the bench." *Cobble v. Bernanke*, 2008 U.S. Dist. LEXIS 95915, 3-4 (W.D. Ky. Nov. 21, 2008)

(*quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 343 F. Supp. 2d 838, 843 (W.D. Mo. 2004); *In re Snavely*, 314 B.R. 808, 818 (9th Cir. 2004) ("We cannot legislate from the bench to make the statute into something it is not, either in its plain language or in its historical application.")).  Based on the letter of the law and the arguments above, Moving Defendants request that this Court grant their Motion to Dismiss on all claims.

                Respectfully submitted:

                */s/ Helen Mac Murray*
                Helen Mac Murray    (0038782)
                Allison L. Harrison    (0086324)
                Attorneys for Defendants
                Mac Murray, Petersen & Shuster, LLP
                6530 West Campus Oval, Suite 210
                New Albany, Ohio 43054
                Telephone: (614) 939-9955
                E-mail: hmacmurray@mpslawyers.com
                E-mail: aharrison@mpslawyers.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing was served upon Plaintiff via the Court's electronic filing system on the 16th day of December, 2013.

            By:    */s/ Helen Mac Murray*
                    Helen Mac Murray    (0038782)
                    Attorney at Law