```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

VINCENT LUCAS,                          :   Case No. 1:12-cv-00630
                                        :
      Plaintiff,                        :
                                        :
                                        :
      vs.                               :
                                        :   **OPINION AND ORDER**
                                        :
TELEMARKETER CALLING FROM               :
(407) 476-5680 AND OTHER                :
TELEPHONE NUMBERS, et al.,              :
                                        :
      Defendants.                       :

This matter is before the Court on the October 31, 2013 Report and Recommendation of Magistrate Judge Stephanie K. Bowman (doc. 58). Said Report and Recommendation addresses two dispositive motions, namely the Motion to Dismiss filed by Defendants F. Antone Accuardi, Fred Accuardi, Steve Hamilton, International Telephone Corporation, Pacific Telecom Communications Group, and Telephone Management Corporation (hereinafter "Accuardi Defendants") (doc. 35) and Plaintiff's Motion for Summary Judgment (doc. 41). The Accuardi Defendants have objected to the Magistrate Judge's recommended decision with regard to their Motion to Dismiss (doc. 69), to which Plaintiff has responded (doc. 75). Conversely, Plaintiff has objected to the Magistrate Judge's recommended decision with

1

regard to his Motion for Summary Judgment (doc. 67), to which the Accuardi Defendants have filed a reply (doc. 74).

We turn first to the Motion to Dismiss filed by the Accuardi Defendants (doc. 35) in response to Plaintiff's Second Amended Complaint (doc. 20).  The Magistrate Judge has recommended that it be denied as moot inasmuch as Plaintiff was given leave to, and subsequently did, file a Third Amended Complaint that purportedly addresses the issues raised by the Accuardi Defendants in their motion.  She noted that, "[t]o the extent that Defendants disagree with Plaintiff's position that the third amended complaint cures any prior deficiencies in the claims against them, they remain free to file a new motion to dismiss, either in addition to or in lieu of filing an answer to that complaint" (doc. 58 at 5).  Plaintiff was given leave to file a third amended complaint in a Memorandum Order issued the same day as the Report and Recommendation currently under review (see doc. 57).  In support of her decision, the Magistrate Judge observed that Plaintiff's motion was unopposed.  Although Plaintiff had represented in his motion that counsel for the Accuardi Defendants indicated that her clients had instructed her to "vigorously oppose" it (see doc. 53 at 1), no such pleading ever was filed by her, and, as the Magistrate Judge correctly stated, "the time for doing so has long expired" (id. at 2).

The Accuardi Defendants object to the Magistrate Judge's decision granting Plaintiff leave to file a third amended complaint, stating, without elaboration, that their failure to oppose was "[d]ue to a clerical and technologically related error" (see doc. 69 at 1). Plaintiff responds by attaching to his memorandum a copy of the e-mail exchanges between himself and opposing counsel concerning his request for her consent to file his motion to amend as well as his confirmation of service through the Clerk of Court's CM-ECF system once he did file same (see doc. 75, Exhibits A and B). Counsel for the Accuradi Defendants offers no satisfactory excuse for her failure to oppose.

Under Fed. R. Civ. P. 72(a), an order issued by a Magistrate Judge regarding a non-dispositive matter may be set aside only if it "is clearly erroneous or contrary to law." Magistrate Judge Bowman's Memorandum Order, in which she grants Plaintiff leave to amend, is neither. Thus, the Accuardi Defendants' objection is overruled and the Magistrate Judge's Order remains in effect. Having thus ruled, we proceed to accept, affirm and adopt her recommended decision, which we have reviewed de novo under Fed. R. Civ. P. 72(b), to deny as moot the Accuardi Defendants' Motion to Dismiss. As the Magistrate Judge's recommendation foreshadowed, the Accuardi Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint

3

(see doc. 70) at the same time they filed the objection we have just considered and overruled. They clearly will suffer no prejudice from our adoption of this recommended decision and we believe it appropriate under the circumstances. The Court declines to consider sanctions under Fed. R. Civ. P. 11, however, as Plaintiff invites.

We turn next to the Motion for Summary Judgment filed by Plaintiff seeking judgment as a matter of law on the issue of whether his "acceptance of the offer to cure under Ohio Revised Code § 1345.092 is a binding, final resolution of the claims under Ohio law against" the Accuardi Defendants (doc. 41 at 1). The Magistrate Judge has recommended that it be denied. Plaintiff has objected to her recommendation (doc. 67), and so we review it de novo pursuant to Fed. R. Civ. P. 72(b).

As reported by the Magistrate Judge, the Ohio General Assembly enacted a new provision to its Consumer Sales Practices Act ("OCSPA"), with an effective date of July 3, 2012. This provision allows a "supplier" who is sued by a "consumer" under the OCSPA to make a "cure offer" to resolve the dispute. O.R.C. § 1345.092(A). The cure offer must be delivered by certified mail, id., and include both of the following two provisions:

> (1) Language that clearly explains the resolution being offered by the supplier consisting of the following separate components:

4

(a)  A supplier's remedy that consists solely of monetary compensation to resolve alleged violations of this chapter;

(b)  Reasonable attorney's fees that consist of legal fees necessary or reasonably related to the filing of the initial complaint, not to exceed two thousand five hundred dollars;

(c)  Court costs incurred by the consumer that are related to the filing of the initial complaint;

(2)  A prominent notice that clearly and conspicuously contains the following disclosure in substantially the following form:

NOTICE: THIS LETTER INCLUDES A "CURE OFFER" THAT IS BEING OFFERED TO SETTLE ALL ALLEGED VIOLATIONS OF CHAPTER 1345. OF THE REVISED CODE RAISED BY YOUR WRITTEN COMPLAINT. THE CURE OFFER INCLUDES BOTH A "SUPPLIER'S REMEDY" TO SOLVE THIS DISPUTE AND AN OFFER TO PAY YOUR ATTORNEY'S FEES UP TO $2,500.00 AND YOUR COURT COSTS IN FILING THE COMPLAINT. YOU ARE NOT OBLIGATED TO ACCEPT THIS CURE OFFER AND HAVE THE RIGHT TO CONSULT WITH LEGAL COUNSEL BEFORE MAKING YOUR DECISION.

YOU MUST NOTIFY THE SUPPLIER WITHIN 30 DAYS OF RECEIPT OF THIS CURE OFFER OF YOUR DECISION TO EITHER ACCEPT OR REJECT THE OFFER BY FILING A RESPONSE WITH THE COURT AND SENDING A COPY OF THE RESPONSE TO THE SUPPLIER. IF THE COURT DOES NOT RECEIVE YOUR RESPONSE WITHIN THE REQUIRED TIME, YOUR FAILURE TO RESPOND WILL, BY LAW, BE CONSIDERED REJECTION OF OUR OFFER.

REJECTION OF THIS CURE OFFER COULD IMPACT YOUR ABILITY TO COLLECT COURT COSTS AND LEGAL FEES. IF A COURT, JURY, OR ARBITRATOR FINDS IN YOUR FAVOR, BUT DOES NOT AWARD YOU AN AMOUNT MORE THAN THE VALUE OF THE SUPPLIER'S REMEDY, THE SUPPLIER WILL NOT BE RESPONSIBLE FOR TREBLE DAMAGES, ATTORNEY'S FEES, OR ANY COURT COSTS YOU INCUR AFTER THE DATE THIS CURE OFFER WAS MADE (fill in the date).

VALUE OF SUPPLIER'S REMEDY = $(fill in the blank)

THE SELLER ALSO AGREES TO PAY YOUR ATTORNEY'S FEES, UP TO $2,500.00, THAT ARE NECESSARY OR REASONABLY RELATED TO THE FILING OF YOUR INITIAL CLAIM, AS WELL AS YOUR COURT COSTS.

Id. § 1345.092(D). Given the quickness with which the parties must act under this provision, it is clear that the General Assembly had in mind the purpose of early resolution of claims when possible.

It is quite plain that, within her May 14, 2013 letter labeled "IMPORTANT: THIS IS AN OFFER TO SETTLE AND IS SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE," counsel for the Accuardi Defendants stated her clients' intent to "resolve the matter in its entirety" (doc. 31 at 1). Such an objective makes perfect strategic sense to the Court. The Accuardi Defendants wished not only to seek the protection of Section 1345.092 and "exercise [their] right to cure", but, in the course of that exercise, they wished "also [] to resolve this matter in its entirety" for the same dollar amount they listed as the "supplier's remedy" in the Notice (id. (emphasis added)). Plaintiff saw through their inventive tactic, however, because, in his acceptance, he made the following points in clarification:

> I am responding to your clients' offer to cure made under Ohio Revised Code § 1345.092. I hereby accept your clients' offer to cure my claims under Ohio Revised Code § 1345 with the understanding that acceptance of this offer would resolve all claims brought under state law against your clients but would not in any way affect the claims brought under federal law . . . . To be absolutely clear, my claims under federal law will not be dismissed or compromised as the result of accepting your clients' offer to cure my state law claims under Ohio Revised Code § 1345. If this understanding is contrary to your understanding of

6

> the effect of the acceptance of the offer to cure, please advise me in writing as soon as possible and in any event no later than June 17, 2013.
>
> Acceptance of this offer to cure my state law claims, while leaving the federal claims intact, will greatly simplify the issues involved in this lawsuit, thus reducing your clients' expenses in defending against the lawsuit, and will reduce your clients' potential total liability, and is consistent with the purpose and intent of ORC § 1345.092.
>
> My attorney's fees to date are zero and my court costs are the $350 civil filing fee. Evidence of these court costs is available from the court records.
>
> An offer to cure under ORC § 1345.092 may not require, as a condition for accepting the offer, that a plaintiff forfeit federal legal rights and claims. ORC § 1345.092 (D)(1)(a) says that the resolution offered by the supplier must contain a 'supplier's remedy that consists <u>solely</u> of monetary compensation <u>to resolve alleged violations of this chapter</u>.' (Emphasis added.) . . . Furthermore, a state statute cannot diminish my rights to treble damages, court costs, etc. under federal statutes in pursuing federal claims in a federal court. In short, a requirement that a plaintiff forfeit federal claims in order to accept an offer to cure under ORC § 1345.092 would be contrary to the letter, purpose, and intent of ORC § 1345.092, and would be contrary to the proper relationship between federal and state law.

(doc. 36 at 1-2).

The Court frames the question presented in a manner slightly different from the suggestion of either party. At issue, we believe, is whether the integrity of the cure offer was compromised because it was tendered as a <u>component</u> of a larger proposal to settle all pending claims, not just ones brought under the OCSPA. In other words, given the language and purpose of Section 1345.092, can the Court construe the letter

7

from counsel for the Accuardi Defendants as containing <u>both</u> a cure offer and a separate offer to settle, such that one is severable from the other?  Because Plaintiff accepted the former but rejected the latter, an affirmative answer would allow the relief Plaintiff seeks, namely grant of his motion for partial summary judgment and an order directing Defendants to pay Plaintiff the supplier's remedy specified plus the cost to file his complaint.

The Accuardi Defendants argued successfully to the Magistrate Judge that the statute ought not be so construed, as she reports that to accept Plaintiff's view would result in a defendant never being able to "execute a global settlement of both federal claims and state law claims, if one of those state law claims happens to fall under § 1345" (doc. 58 at 9). Moreover, she opined,  "[i]f the Ohio legislature had intended to restrict the 'cure offer' only to settlement of claims falling under § 1345, the legislature presumably could have, and would have, made that intention more explicit by more clearly stating that no other claims may be settled by a cure offer filed under the statute" (<u>id</u>. at 9-10).

The Court does not necessarily agree that acceptance of Plaintiff's theory would portend such a result. As earlier referenced, the OCSPA's "right to cure" provision is a shield for suppliers/defendants to be used against

8

consumers/plaintiffs. It does not preclude the traditional approach of an out-of-court compromise, but, rather, functions to penalize a plaintiff who, if the matter proceeds to trial, does not prove damages in excess of a defendant's cure offer. It is one, but not the only, method to resolve an action brought under the OCSPA, with the added benefit to a defendant of capping the potential award of damages, fees, and costs for which it may be liable. But by its terms, though, it very clearly does not anticipate a cause of action that includes more than a claim under the OCSPA.

We appreciate how one might interpret the use of the verb "includes" in the statutorily-recommended language for the Notice (i.e., "THIS LETTER INCLUDES A 'CURE OFFER' THAT IS BEING OFFERED TO SETTLE ALL ALLEGED VIOLATIONS OF CHAPTER 1345. OF THE REVISED CODE RAISED BY YOUR WRITTEN COMPLAINT[]") to justify the broader reading urged by Defendants. See O.R.C. § 1345.092(D)(2) (emphasis added). But "includes" is used not only in the first sentence of the template, but also the second (i.e., "THE CURE OFFER INCLUDES BOTH A 'SUPPLIER'S REMEMDY' TO SOLVE THIS DISPUTE AND AN OFFER TO PAY YOUR ATTORNEY'S FEES UP TO $2,500.00 AND YOUR COURT COSTS IN FILING THE COMPLAINT[]"). Id. (emphasis added). We think it appropriate, then, to read "includes" as synonymous with "contains," rendering each

9

sentence a simple declarative statement, inviting neither a narrow nor a broad construction.

The Ohio courts have provided no case law to guide us. This Court observes, however, that the "plain language" aspect of the Notice required by Section 1345.092(D) addresses the circumstance, as here, involving a defendant/supplier represented by counsel and a plaintiff/consumer appearing pro se. To allow a defendant the opportunity to make a cure offer with regard to OCSPA claims contingent upon a global settlement of all other claims strikes us as inconsistent with a legislative goal of safeguarding David-like consumers from Goliath-like suppliers, notwithstanding the advice to consumers within the Notice of their right, "TO [NOT] ACCEPT THIS CURE OFFER AND . . . TO CONSULT WITH LEGAL COUNSEL BEFORE MAKING YOUR DECISION" (see O.R.C. § 1345.092(D)(2)).

Simply stated and in conclusion, once the Accuardi Defendants made their cure offer part of a global settlement agreement, it ceased to be a discrete "cure offer" that either could be accepted by or later enforced against Plaintiff pursuant to Section 1345.092. Because it included the additional term of resolving all claims brought against them, not just the ones pursuant to Section 1345, Defendants' "cure offer" was conditional, as was Plaintiff's "acceptance" of it. The Ohio statutory scheme was not followed, and a basic "meeting

10

of the minds" under traditional principles of contract law did not occur. Accordingly, Plaintiff's motion seeking a money judgment in connection with the purported "cure offer" must be denied.

In sum, the objection filed by the Accuardi Defendants with regard to that portion of the Magistrate Judge's October 31, 2013 Memorandum Order granting Plaintiff leave to file a third amended complaint (see doc. 57 at 3 ¶ 1) is OVERRULED, as is their concomitant objection to the Magistrate Judge's recommended decision with regard to their Motion to Dismiss (doc. 69), which the Court ACCEPTS, AFFIRMS and ADOPTS. Therefore, the Motion to Dismiss by the Accuardi Defendants is DENIED AS MOOT. The objection filed by Plaintiff to the Magistrate Judge's recommended decision with regard to his Motion for Summary Judgment (doc. 41) likewise is OVERRULED. The Court ACCEPTS, AFFIRMS AND ADOPTS said recommendation and thus Plaintiff's Motion for Summary Judgment is DENIED.

SO ORDERED.


Dated: January 23, 2014         s/S. Arthur Spiegel_____
                                S. Arthur Spiegel
                                United States Senior District Judge

11