IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT LUCAS,       Plaintiff, | : : : : | Case No. 1:12CV630-SAS-SKB Spiegel, J. Bowman, M.J. |
| v. | : : | **PLAINTIFF'S MOTION FOR** |
| PACIFIC TELECOM COMMUNICATIONS GROUP, et al.,       Defendants. | : : : : | **DEFAULT JUDGMENT AGAINST ALL IN ONE SERVICE AIOS, LLC** |

Pursuant to Fed.R.Civ. P. 55(b), I request that the Court enter a default judgment against defendant All In One Service AIOS, LLC. In support of this request, I rely upon the record in this case and the affidavit submitted herein. I ask the Court to find, pursuant to Rule 54(b), that "there is no just reason for delay" and direct entry of final judgment against All In One Service AIOS, LLC.

This motion is not opposed by Defendants Telephone Management Corporation, International Telephone Corporation, Pacific Telecom Communications Group, Fred Accuardi, F. Antone Accuardi, and Steve Hamilton.

Respectfully submitted,

s/ Vincent Lucas

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff

1

CERTIFICATE OF SERVICE

    I certify that on March 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Helen Mac Murray, who is counsel for defendants Telephone Management Corporation, International Telephone Corporation, Pacific Telecom Communications Group, Fred Accuardi, F. Antone Accuardi, and Steve Hamilton.

                                                  s/ Vincent Lucas

                                                  Vincent Lucas

Memorandum In Support

All In One Service AIOS, LLC ("AIOS") received actual notice of the allegations against them on July 21, 2013 when I sent them a copy of the Second Amended Complaint and a notice that they were identified as one of the John Doe Defendants referred to as "Telemarketer calling from (407) 476-5680 and other telephone numbers," and again on September 11, 2013, when I mailed them a copy of the (proposed) Third Amended Complaint. Lucas Aff. ¶ 2. On December 16, 2013, the Clerk completed service of the Third Amended Complaint upon AIOS[1]. AIOS has not made an appearance in this case, and the Clerk entered default against them on January 16, 2014.

Sending AIOS notice of this motion is not necessary because AIOS has not appeared. Rule 55(b)(2); *Disney Enterprises, Inc. v. Farmer*, 427 F. Supp. 2d 807, 815 (E.D. Tenn. 2006).

"If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure, Civil 3d (2012) § 2688, *Thomson v. Wooster,* 114 U.S. 104 (1885). The Third Amended Complaint (TAC) alleges as follows: AIOS does not have an established business relationship with me, I have not given them express invitation or permission to call me, and my answering machine's outgoing message warns callers that my phone number is on the national Do Not Call registry. TAC ¶¶ 15-17. I have received more than fourteen telephone calls containing the exact same pre-recorded message on behalf of an entity that offers to lower my interest rate. TAC ¶¶ 18-19. Each call violates 47 USC § 227.

---

[1] The address that the Clerk used for service is the same as the address given for AIOS in ITC's discovery response (Exhibit B of Pl.'s Mot. Serve Valbuena (Doc. 83)), and is the same address used for process service in the state of Missouri's lawsuit against AIOS's owner. Exhibit C.

1

TAC ¶ 48. This entity uses several telemarketing companies[2] to deliver the same pre-recorded message. AIOS originated the call from phone number (206) 496-0802 and at least one other call within a twelve month period. TAC ¶ 36, 40.

I. This Court should impose the maximum penalty permitted under the law

Statutory damages may be tripled under 47 USC § 227(b)(3) and § 227(c)(5) if the Defendant "willfully or knowingly" violated the subsections.

AIOS is a telemarketing company that has no lawful reason to call me. AIOS is a serial violator of telemarketing laws. AIOS has called thousands of Missourians on the state's no-call list with an offer to lower their interest rates, Exhibit B, and the state has obtained a permanent injunction and judgment of $629,500 against AIOS's owner, Exhibit C.

TAC ¶ 94 alleges "[AIOS] performed the actions ... willfully and knowing that the actions violate the TCPA and Ohio law. [AIOS] performed these actions with the purpose of deriving profit from causing tortious injury, namely invading my right to privacy, and [AIOS] should have reasonably expected that their actions would cause this injury. [AIOS] performed these actions with willful, reckless disregard of my rights, and hence the actions demonstrate malice."

Consumers who respond to AIOS's offer often wind up paying thousands of dollars in upfront fees and receive little or nothing in return, or become victims of identity theft. Exhibits D and E. To protect Ohioans from such unscrupulous telemarketers, Ohio Rev. Code § 4719.02(A) requires telemarketers to register with the Ohio Attorney General, but AIOS violated this law as well. TAC ¶ 48.

---

[2] For some of the telephone calls, the telemarketer originating the call has not been identified.

Furthermore, AIOS's pre-recorded message is purposely designed to mislead consumers into believing that the consumer already has a credit account with the company AIOS is calling on behalf of. TAC ¶ 26, 48. The prerecorded message says "there are no problems currently with your account," implying that the consumer already has a credit account with the telemarketer.

AIOS has had an opportunity to appear and explain why the maximum penalty permitted under the law should not be imposed, but has chosen not to.

II. Monetary damages

The allegations against AIOS are essentially the same as the allegations against Qall Cord Philippines. Following this Court's default judgment ruling against Qall Cord, Doc. 37, 51, the Court should award $3000 per call under the TCPA plus $200 per violation under the OCSPA.

*There are four distinct violations of the OCSPA per call*

Under Ohio Rev. Code § 1345.09(B), a consumer is entitled to $200 per violation for "an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code." *Charvat v. NMP,* 656 F.3d 440, 450-2 (6th Cir. 2011) holds that $200 per violation should be awarded for each distinct violation of the OCSPA. Under the facts of that particular case, the court found three distinct violations of the OCSPA per call. This Court found that all three of those distinct violations occurred in this lawsuit, namely "provisions of Ohio law designed to: (1) ensure a method of contacting the offending telemarketer; (2) maintain and comply with a do-not-call registry; and (3) identify the purpose of the call." Doc. 37 at 10.

3

However, violation of Ohio Rev. Code § 4719 is a fourth distinct and independent violation of the OCSPA that was not raised or considered in *Charvat v. NMP* or in this Court's previous ruling. This Court should award an addition $200 per call for violation of § 4719. Ohio Rev. Code § 4719 requires telemarketers to obtain a certification of registration from the Ohio Attorney General. AIOS violated that law.[3] TAC ¶ 48. § 4719.14 declares that a violation of § 4719 is an unfair or deceptive act or practice in violation of § 1345.02. In *State ex rel. Montgomery v. AZ Professional Services,* Franklin C.C.P. 1998, Ohio Public Inspection File[4] (PIF) # 10001660, Exhibit F at[5] 7 ¶ 8, and *State ex rel. Montgomery v. Bankcard Registry Services,* Cuyahoga C.C.P. 1999, PIF # 10001750, Exhibit G at 3 ¶ 1, the courts declared that a violation of § 4719.02(A) is an unfair and deceptive act in violation of the § 1345.02, and such judgments were made available for public inspection under § 1345.05(A)(3) before any of AIOS's calls.

This fourth violation is distinct and independent from each of the violations recognized in *Charvat v. NMP* (the "*NMP* violations"). A telemarketer can violate § 4719 while not committing any of the three *NMP* violations or conversely can commit all three of the *NMP* violations while not violating § 4719. Furthermore, § 4719 serves a different purpose, and provides different consumer protections, than the OCSPA provisions recognized in *Charvat.* For example, § 4719.03(B) permits the Ohio Attorney General to deny or revoke a certificate of registration to anyone convicted of a felony or theft, or who has previously violated the OCSPA or engaged in improper, fraudulent, or dishonest dealings. § 4719.02(D) requires a nonresident telemarketer to maintain an Ohio resident as its statutory agent for service of process.

---

[3] Exhibit L is the list of registered telephone solicitors as of November 15, 2012. AIOS is not on the list.
[4] Available at http://opif.ag.state.oh.us/
[5] Page numbers are for the document in the PIF, which does not necessarily correspond to the page numbers at the bottom of the document.

4

Additionally, the information that the telemarketer must provide under § 4719.02(B) is of enormous aid to the Attorney General in investigating consumer complaints regarding the telemarketer. The three OCSPA provisions recognized in *Charvat* do not offer any of these consumer protections. Furthermore, violation of § 4719 produces a different injury than any of the three *NMP* violations. For example, I was injured by being subjected to solicitations from a telemarketer whose criminal record and prior telemarketing experience had not been checked by the Ohio Attorney General. Given the FTC findings that these offers to lower interest rates are a scam, Exhibit D, the Attorney General probably would have denied a certification of registration to AIOS, and so if § 4719 were followed, I would not have received AIOS's deceptive solicitations. I was also injured by AIOS's failure to maintain a statutory agent within the state of Ohio, § 4719.02(D), which complicated service of process upon them. As a result, I had to expend extra effort to determine where and how to serve process upon them.

Accordingly the Court should award the full amount that I requested in my complaint: $3000 under the TCPA and $800 under the OCSPA.

III. Injunctive relief

Under Ohio Rev. Code § 4719.15(A), "Upon the purchaser's showing that the telephone solicitor or salesperson has committed a violation of [a provision of sections 4719.01 to 4719.18], the court shall grant an injunction, temporary restraining order, or other appropriate relief."[6] Under the statute, the grant of an injunction is <u>mandatory</u>. The statute uses the word "shall" instead of "can" or "may". The statute does not require the plaintiff to show anything else to obtain an injunction.

---

[6] Ohio Rev. Code § 4719.01 defines "purchaser" as "a person that is solicited to become or does become financially obligated as a result of a telephone solicitation". A person does not need to purchase anything to be a "purchaser."

Similarly, an injunction may be issued pursuant Ohio Rev. Code § 1345.09(D), and 47 USC § 227(b)(3) and (c)(5) authorizes "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

*Charvat v. Mobley*, Franklin C.C.P 2002, Ohio PIF # 10002113, Exhibit H, is an example of a case where the court granted an injunction protecting the public from further violations of § 4719, the OCSPA, and TCPA in a lawsuit by an individual in a non-class action. Numerous other cases in the Ohio Public Inspection File show that it is the law of the state of Ohio that when a private citizen sues in a non-class action capacity, the individual can obtain an injunction to protect the public from violations of the OCSPA. *Charvat v. Direct Connect Digital, Inc.*, Franklin C.C.P. 2003, Ohio PIF # 10002191; *Grady v. OTC Investor's Edge*, Cuyahoga C.C.P. 2002, PIF # 10002199; *Compoli v. Providence,* Cuyahoga C.C.P. 2004, PIF # 10002230. Exhibits I, J, K. In each case, the plaintiff did not need to show irreparable injury or no adequate remedy at law. As the court explained in *Compoli* at 4,

> "Where, as here, the statutory conditions are satisfied, and injunctive relief is authorized by statute, the usual grounds for injunctive relief (i.e., irreparable injury or no adequate remedy at law) need not be shown." *Brown v. Spitzer Ford Inc.*, 11 Ohio Ops.3d 84, 88 (Ohio App. 1978); *Ackerman v. Tri-City Geriatric & Health Care*, 55 Ohio St.2d 51, 56 (1978). As the right to obtain an injunction is specifically provided for by these statutes, and the injunctive relief sought simply requires the stoppage of clearly illegal activity, this Court must, as a matter of law, grant plaintiffs' request for a permanent injunction, if a violation of the statute is shown. See, e.g., Ackerman, Id., 55 Ohio St.2d at 56-57; Spitzer Ford, Id., 11 Ohio Ops.3d at 88; *State ex rel Brown v. Bob Kay Inc.*, 14 Ohio Ops.3d 329 (Cuyahoga, 1979); *State of Minnesota v. Sunbelt Comm. and Mktg.*, 282 F. Supp. 2d 976, 2002 TCPA Rep. 1186 (D. Minn.2002).

*Accord, e.g., South Cent. Bell Tel. Co v. Louisiana Pub. Serv. Comm'n,* 744 F.2d 1107, 1120 (5th Cir. 1984); *Illinois Bell Tel. Co. v. Illinois Commerce Comm'n*, 740 F.2d 566, 571 (7th Cir. 1984); *Burlington N. v. Dept. of Revenue*, 934 F.2d 1064, 1074 (9th Cir. 1991); 11 C. Wright, A.

6

Miller, & M. Kane, *Federal Practice and Procedure, Civil 2d* § 2948.4 (1995). Standing to obtain the injunction comes from the fact that plaintiff was injured by the acts that plaintiff seeks to enjoin, and plaintiff will benefit from the injunction.

The injunction would be of value not just to me, but also the Ohio Attorney General, if AIOS calls any Ohioans again. As shown in *Missouri v. Serna*, Exhibit C, AIOS repeatedly violates consumer protection laws, but the injunction granted in that case does not protect Ohioans.

The proposed order contains an injunction modeled after *Charvat v. Mobley*.

IV.  Rule 54(b)

Following this Court's previous default judgment order, this Court should direct entry of final judgment against AIOS under Rule 54(b). That rule states "When ... multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, ... parties only if the court expressly determines that there is no just reason for delay."

There is "no just reason for delay". Allowing a judgment creditor to begin collecting on a default judgment is a sufficient justification for Rule 54(b) certification. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 US 1, 11 (1980) (Rule 54(b) certification appropriate; "[A]bsent Rule 54(b) certification [the debts in issue] would not be paid for 'many months, if not years'"); *FDIC v. Tripati*, 769 F.2d 507, 508 (8th Cir. 1985) ("equities weighed in favor of certification so that the FDIC could begin collecting on the judgment as soon as possible"); *Moore's Federal Practice* § 54.23[1][b] ("In an action in which the order grants affirmative relief on a claim, delaying the entry of judgment will invariably delay the enforcement of that judgment, therefore, the court may consider any hardship or injustice to the claimant that might result from a delay in

7

enforcement, including loss of interest or the potential insolvency of one of the parties." (footnotes omitted)).

### Conclusion

This motion should be granted.

Respectfully submitted,

s/ Vincent Lucas

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff

**Proposed order**

IT IS ORDERED AND ADJUDGED pursuant to this Court's Order (doc. __), the Court GRANTS Plaintiff's Motion for Default Judgment against All In One Service AIOS, LLC. Defendant All In One Service AIOS, LLC is directed to pay Plaintiff damages in the amount of $3800, plus post-judgment interest on the judgment at the legal rate until the judgment is satisfied, and costs. Defendant All In One Service AIOS, LLC, together with all its officers, employees, agents, servants, representatives, salespersons, aliases, attorneys, and all other persons acting directly or indirectly in concert with Defendant, are permanently enjoined from engaging in any unfair, deceptive, unconscionable, or unlawful act or practice in violation of Ohio Rev. Code Chapter 1345, Chapter 4719, the federal Telemarketing Sales Rule, 16 C.F.R. § 310, or the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

This Court finds pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason to delay entry of final judgment against Defendant. A delay would impose a hardship on the Plaintiff by delaying execution of judgment. Therefore this Court directs the entry of final judgment against Defendant.