UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,

       Plaintiff,

  v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

       Defendants.

Case No. 1:12-cv-630

Spiegel, J.
Bowman, M.J.

**MEMORANDUM ORDER**

**I.    Background**

The above captioned case involves Plaintiff's allegations of illegal telemarketing practices. Seeking monetary damages and injunctive relief, Plaintiff initiated this litigation *pro se* on August 20, 2012, initially asserting that three different Defendants violated federal and state law by engaging such practices. (Doc. 2, Amended Complaint). His most recent complaint alleges that, between the dates of July 22, 2011 and January 26, 2013, he received a total of 24 calls on which various pre-recorded messages were left. (Doc. 59 at ¶¶ 18, 19, 21, 22). In addition, he alleges receipt of two calls on October 12, 2012 where no message was left, as well as "numerous" pre-recorded messages received on calls made on undisclosed dates prior to July 22, 2011. (*Id.* at ¶19, 20).

1

Plaintiff's most recent complaint reflects a third amendment to his original complaint. In February 2013, Plaintiff sought, and was granted, leave to file a second amended complaint that added new claims and Defendants. (Docs. 18, 19, 20). Six of those Defendants moved to dismiss the claims filed against them, but that motion was denied as moot after Plaintiff filed an unopposed motion for leave to file a third amended complaint. (Doc. 58). After Plaintiff's third amended complaint was filed, the same six Defendants moved to dismiss the claims presented against them in that complaint. By Report and Recommendation ("R&R") filed this same day, the undersigned has recommended granting Defendants' motion to dismiss in part, and denying it in part.

## II. Pending Non-dispositive Motions

The Court has pending before it two motions in addition to the Defendants' motion to dismiss the third amended complaint.

### A. Motion for Leave to File Additional Memorandum (Doc. 86).

First, Plaintiff has filed a motion for leave to file a "Memorandum of Additional Authorities in Opposition to Defendants' Motion to Dismiss." (Doc. 86). On March 13, 2014, Defendants filed a memorandum in opposition to Plaintiff's motion to file what amounts to a surreply. For all the reasons stated in Defendants' opposition, Plaintiff's tendered motion and/or construed surreply is procedurally improper. Nevertheless, in the interests of justice the undersigned fully considered Plaintiff's tendered surreply in the course of reviewing the Defendants' motion to dismiss.

As the undersigned notes in the R&R filed today, and as further argued by Defendants, Plaintiff's motion to file additional authorities could be construed as a motion seeking leave to again amend Plaintiff's complaint. The undersigned does not

2

find it necessary to so construe the present motion, however, since Plaintiff is well-practiced in filing the appropriate motion for leave to amend, having filed that motion repeatedly in the past. To the extent that a reviewing judge may disagree, however, the undersigned finds that any further amendment would be procedurally improper and out of time. All motions to amend the pleadings were to be filed not later than December 2, 2013, (Doc. 57), and Plaintiff fails to demonstrate good cause for any extension or further amendment.

    **B.**    **Motion for Rule 4(f)(3) Order for Service Upon Valbuena (Doc. 83)**

The second pending non-dispositive motion is Plaintiff's (renewed) Rule 4(f)(3) motion for service upon Defendant Edwin Valbuena Jr. The Court previously permitted Plaintiff leave to renew his motion on or after January 15, 2014. (Doc. 76). Plaintiff has complied with the Court's instructions for service on this Defendant by providing a proposed protocol. Plaintiff's motion for alternate service will be granted for the same reasons that the Court previously permitted service upon foreign Defendant Qall Cord Phillippines (*see* Doc. 19), and supported by the exhibits to Plaintiff's renewed motion.

    **III.**    **Conclusion and Order**

Accordingly, **IT IS ORDERED**:

1. Plaintiff's motion for leave to file Memorandum of Additional Authorities (Doc. 86) is **GRANTED** to the extent that the authorities cited in the memorandum attached to that motion (Doc. 86) have been fully considered by the undersigned within the context of the pending motion to dismiss, as has Defendants' opposition to Plaintiff's motion (Doc. 88);

2. Plaintiff's renewed motion to serve Defendant Edwin Valbuena Jr. under Rule 4(f)(3) (Doc. 83) is **GRANTED** to the extent that service of Plaintiff's Third Amended Complaint on Defendant Valbuena shall be made via email in the following manner:

a. Plaintiff shall place a copy of the Summons and Amended Complaint, in PDF format, at http://QCPLIT.wordpress.com/;

b. The Clerk of Court shall send an e-mail to edvalbuena@gmail.com with a copy of the Summons and Third Amended Complaint, in PDF format, as attachments;

c. The Clerk shall send a second e-mail to edvalbuena@gmail.com with subject "Lawsuit – Second Notice" and the body shall say in unformatted text "A lawsuit has been filed against you in this Court. The case number is 1:12cv630. A separate e-mail containing the summons and complaint has been sent to you. The summons and complaint can also be viewed at http://QCPLIT.wordpress.com". The e-mail shall not contain any attachments;

d. In the event that the Clerk receives an e-mail delivery failure notification (i.e. e-mail "bounce" message), the Clerk shall wait one day and then resend the e-mail. If a second delivery failure notification is received, the Clerk need not take further action except as set forth in subparagraph (e);

e. The Clerk shall make a docket entry stating the date when each e-mail is sent. The Clerk shall file any e-mail delivery failure notification;

f. Another person, designated by the Plaintiff, who satisfies the requirements of Rule 4(c)(2), shall also send an e-mail from a gmail.com account to edvalbuena@gmail.com with a copy of the Summons and Amended Complaint, in PDF format. The Plaintiff shall file an affidavit under Civil Rule 4(l) stating the date when the e-mail was sent. Plaintiff shall file any delivery failure notification;

g. Service upon Defendant Edwin Valbuena, Jr. shall be deemed effective if any of the e-mail messages to that Defendant are successfully delivered. For e-mails sent by the Clerk, lack of a delivery failure message shall be considered proof that the e-mail was delivered.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4