UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,                                             Case No. 1:12-cv-630

       Plaintiff,                                                  Spiegel, J.
                                                                                           Bowman, M.J.

     v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

       Defendants.

## REPORT AND RECOMMENDATION

### I.    Background

The above captioned case involves Plaintiff's allegations of illegal telemarketing practices. Seeking monetary damages and injunctive relief, Plaintiff initiated this litigation *pro se* on August 20, 2012. He has amended his complaint several times, adding new claims and defendants. On March 20, 2014, the undersigned filed a Report and Recommendation ("R&R") in which I recommended granting in part a motion to dismiss filed by six Defendants. Although I recommended the dismissal of most claims against most of those defendants, I recommended that Plaintiff's TCPA claims against Defendant Telephone Management Corporation ("TMC alone") and Defendant Fred Accuardi be permitted to proceed, insofar as Plaintiff had alleged in his third amended complaint that those two Defendants were within the definition of a "telemarketer."

1

Both Defendants and Plaintiff filed objections to that R&R.  On August 5, 2014, U.S. District Court S. Arthur Spiegel filed an Opinion and Order granting Plaintiff's motion to stay final ruling on Defendants' motion to dismiss.  Judge Spiegel's Order holds the R&R in abeyance pending an anticipated future ruling by the FCC's Consumer and Government Affairs Bureau, concerning a petition filed by Plaintiff before that body. (Doc. 120).  However, Judge Spiegel stayed only the ruling on the motion to dismiss, not the entirety of the above-captioned case.  Therefore, this R&R addresses Plaintiff's still-pending and unopposed motion for a default judgment against Defendant All In One Service AIOS, LLC ("AIOS"), a defendant that Plaintiff appears to have properly served in Florida, and as to which the Clerk filed an entry of default on January 16, 2014.  (*See* Docs. 82, 84).

**II. Analysis of Pending Motion for Default Judgment**

In the R&R filed on March 20, 2014, the undersigned explained that the pending motion would be addressed through a separate R&R to be filed in the future.  However, I specifically noted:

> The undersigned recently discovered that a sister court declined to enter default judgment on very similar facts involving allegedly illegal telemarketing practices.  *See Charvat v. DFS Services LLC*, 781 F.Supp. 2d 588 (S.D. Ohio 2011)(citing "preferred practice" in Sixth Circuit).

(Doc. 91 at 3, n.3).

In *Charvat v. DFS Services LLC*, 781 F.Supp.2d 588 (S.D. Ohio 2011), U.S. District Judge Sargus reasoned that it would be improper to grant a default judgment against a single defendant in a case with multiple defendants.  Therefore, the court held the plaintiff's motion for default judgment in abeyance pending resolution of the merits of

2

the entire action. *Id.* at 591. The court explained that once the merits of the case were "finally resolved, Chavrat may move the Court for permission to reactivate the default judgment motion." *Id.* Judge Sargus relied upon a case involving multiple defendants that was decided by the Supreme Court well over a century ago, *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), in which the Court reasoned that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." This same rule has been applied in other recent cases in this district. *See, e.g.*, *Alig-Mielcarek v. Jackson,* 2013 WL 6000975 (S.D. Ohio Nov. 12, 2013)(quoting *Kimberly v. Coastline Coal Corp.,* 857 F.2d 1474 (6th Cir. 1988)(Table, per curiam)); *Concheck v. Barcroft*, 2011 WL 3359612, at *10 (S.D. Ohio Aug. 3, 2011); *Penn-Star Ins. Co. v. Barr-Bros. Plastering Co., Inc.,* 2011 WL 795062, at *2 (S.D. Ohio Feb. 28, 2011).

Notwithstanding the fact that a default judgment has previously been granted against one foreign Defendant, Qall Cord, (*see* Doc. 58), the undersigned now recommends adherence to the above-referenced precedent and denial of the present motion for default judgment, until such time as this Court has fully resolved the merits of this case. Both the number of prior amendments to Plaintiff's complaint and influx of new defendants over time, as well as the likelihood of another motion for default judgment in the near future, counsel against a piecemeal approach and in favor of the procedural rule preferred since *Frow*.[1]

---

[1] Judicial notice is taken of the fact that the Clerk has filed an entry of default against Defendant Edwin Adquilen Valbuena Jr., d/b/a VICIdial. Like Defendant Qall Cord, Mr. Valbuena apparently resides in the Philippines. (*See* Docs. 105, 106, 108). Plaintiff has not yet moved for entry of judgment against Mr. Valbuena, but presumably would do so if the Court were to grant his motion against AOIS.

### III. Conclusion and Recommendation

Accordingly, IT IS RECOMMENDED HEREIN THAT Plaintiff's motion for default judgment against Defendant AOIS (Doc. 87) be DENIED, but without prejudice to renew at the conclusion of this case.

                                                *s/Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,

    Plaintiff,

v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

    Defendants.

Case No. 1:12-cv-630

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5