```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

VINCENT LUCAS,                          :   Case No. 1:12-cv-00630
                                        :
      Plaintiff,                        :
                                        :
                                        :
      v.                                :   **OPINION AND ORDER**
                                        :
                                        :
TELEMARKETER CALLING FROM               :
(407) 476-5680 AND OTHER                :
TELEPHONE NUMBERS, et al.,              :
                                        :
      Defendants.                       :

    This matter is before the Court on the August 13, 2014 Report and Recommendation of Magistrate Judge Stephanie K. Bowman (doc. 121), to which Plaintiff has objected (doc. 124). For the reasons that follow, the Court rejects the recommendation of the Magistrate Judge.

    Plaintiff's Third Amended Complaint (doc. 59) names nine defendants, six of whom have come to be known as in this litigation as the "Accuardi Defendants"[1]. The other three are

---

[1] The Accuardi Defendants consist of three corporate entities and three individuals, and their alleged relationship to one another is detailed in our Opinion and Order docketed on August 5, 2014 (doc. 120). They have filed a motion to dismiss all claims against them on the theory that they cannot be held vicariously liable for calls made by telemarketers to whom they provide telephone numbers (see doc. 70), which, with one small exception, the Magistrate Judge has recommended we grant (see doc. 91). Before the Court could issue its decision as to whether to accept, reject or modify her recommendation, Plaintiff filed a notice with the Clerk advising that he had

Qall Cord Philippines Ltd., Co., against whom a default judgment has been entered (see docs. 51, 52), Edwin Adquilen Valbuena Jr., d/b/a VICIdial, whose default has been entered by the Clerk (see doc. 108), and All In One Service AIOS, LLC ("AIOS"), the subject of the instant unopposed motion for default judgment (doc. 87). Plaintiff alleges that the latter three defendants placed telemarketing calls to his residential telephone line in violation of federal and state statutes. With regard to AIOS, Plaintiff seeks money damages in the amount of $3,800.00 and injunctive relief (doc. 87 at 5-7 (PAGEID## 1315-1319)).

The Magistrate Judge reports that AIOS appears to have been properly served in Florida (see doc. 78, 81), after which, upon application by Plaintiff (doc. 82), the Clerk filed an Entry of Default (doc. 84). She recommends against granting Plaintiff's motion for default judgment on the authority of Charvat v. DFS Services LLC, 781 F. Supp. 2d 588 (S.D. Ohio 2011). In that case, also involving alleged violations of the federal Telephone Consumer Protection Act ("TCPA"), Judge Sargus decided to hold

---

filed with the Federal Communications Commission a "Petition for Expedited Declaratory Ruling" on the vicarious liabililty issue. He concomitantly filed a motion to stay the Accuardi Defendants' motion to dismiss and asked this Court for a referral to the FCC—under the primary jurisdiction doctrine—of the question presented in his Petition (doc. 115). We granted Plaintiff's motion (see doc. 120). But as the Magistrate Judge recognized, that ruling does not affect motions pending against any of the other defendants.

in abeyance a motion for default judgment pending resolution of the merits of the entire action:

> Epixtar's default was entered by the Clerk on July 1, 2010 (Doc. 62), and [the plaintiff] Charvat subsequently moved for a default judgment. However, <u>as this case involves multiple defendants</u>, an entry of judgment against Epixtar is not appropriate at this time. <u>See</u>, e.g., <u>Frow v. De La Vega</u>, 82 U.S. 552 [] (1872); <u>Kimberly v. Coastline Coal Corp.</u>, No. 87-6199, 1988 WL 93305, at *3 (6th Cir. Sept. 9, 1988) (<u>per curiam</u>) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.") Accordingly, the Court will hold Charvat's motion for a default judgment against Epixtar in abeyance pending resolution of the merits of this action. At such time as the merits are finally resolved, Charvat may move the Court for permission to reactivate the default judgment motion.

<u>Id</u>. at 591 (emphasis added). With due respect to our colleague in the Eastern Division, we do not believe the same result is required or appropriate here. In <u>Frow</u>, which remains good law despite its considerable age, there was an allegation of <u>joint fraud and conspiracy</u> between all defendants. A decree against one operated as a decree against all, "[b]ut if the suit should be decided against the complainant on the merits, the bill will be dismissed <u>as to all the defendants alike</u>." 82 U.S. at 554 (emphasis added). While the defendants before Judge Sargus were not quite so closely linked, Plaintiff Charvat alleged they all violated the law in an identical way, by placing unsolicited telemarketing calls to him—despite his request to be placed on

3

the national Do-Not-Call registry—on behalf of the Discover credit card company. All defendants, therefore, were similarly situated. Here, however, there is a great divide between the theories of liability vis-à-vis the Accuardi defendants and the telemarketing defendants, such as AIOS, to whom they provide telephone numbers. A determination that the Accuardi defendants may not be held vicariously liable for the actions of the telemarketers who actually initiated the allegedly unlawful calls, for example, will not create the conundrum anticipated by Frow. The "key question" we must consider now is "whether[,] under the theory of the complaint, liability of all the defendants must be uniform." Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp. 2d 995, 1007 (N.D. Cal. 2001) (footnote omitted) (emphasis added). On the facts before us, it clearly is not.

We disagree that a "preferred practice" in this Circuit should, or must, be inferred from Kimberly.[2] It is an unpublished, per curiam opinion, and understandably so, as it rectifies a series of missteps caused by virtue of the case

---

[2] The Magistrate Judge cites three other unpublished cases that have applied this "rule", two of which also were authored by Judge Sargus. See Alig-Mielcarek v Jackson, No. 2:11-cv-00255, 2013 WL 6000975 (S.D. Ohio Nov. 12, 2013) (Sargus, J.); Concheck v. Barcroft, No. 2:10-cv-656, 2011 WL 3359612 (S.D. Ohio Aug. 3, 2011) (Sargus, J.). The third, an insurance declaratory judgment action, was decided by our colleague Judge Marbley. Penn-Star Ins. Co. v. Barr-Bros. Plastering Co., Inc., No. 2:10-CV-587, 2011 WL 795062 (S.D. Ohio Feb. 28, 2011) (Marbley, J.).

4

being reassigned too often—albeit for legitimate reasons—at the trial court level. Still, review of the underlying facts uncovers, again as in <u>Frow</u>, similarly-situated defendants.[3] But even if this Court were satisfied that such an inference is warranted, as Plaintiff aptly points out, deeming a practice "preferred" does not mean that "a different practice can <u>never</u> be used" (<u>see</u> doc. 124 at 1).

Fed. R. Civ. P. 54(b) provides that when multiple parties are involved, a trial court "may direct entry of a final judgment as to one or more, but fewer than all, parties only if the court expressly determines that there is <u>no just reason for delay</u>[]" (emphasis added). We so find. <u>Cf.</u> <u>Broadcast Music, Inc. v. Wheels, Inc.</u>, No. 1:07-cv-78, 2008 WL 1751522 (E.D. Tenn. Apr. 11, 2008) (Mattice, J.; Lee, M.J.). The Court incorporates not only our discussion above, but also the fact that if a judgment against AIOS is postponed, Plaintiff may lose what little ability he has to collect against it. For example, a $626,000 judgment and a $3,500 bill of costs were levied and taxed, respectively, against AIOS's owner on August 27, 2012 and, to date, apparently neither has been satisfied. <u>See</u> <u>State of Missouri, et al. v. Christian Serna</u>, Case No. 1122-CC10695,

---

[3] In this particular instance, two companies, Coastline Coal and Howes Coal, were accused of failing to pay wages and overtime in violation of the Fair Labor Standards Act and a common law employment contract. <u>See</u> <u>Kimberly</u>, <u>supra</u>, 1988 WL 83305, at *1.

https://www.courts.mo.gov/casenet/cases/judgements.do (last visited October 10, 2014). Insolvency, therefore, is a genuine risk, and the interests of justice would seem to dictate allowing Plaintiff to begin enforcement proceedings sooner than later.

Plaintiff seeks both statutory damages and injunctive relief with regard to the second call he received from AIOS from the phone number (206) 496-0802 (doc. 59, Third Amended Complaint ¶¶ 35-36, 40, 94 & at page 25 (Prayer for Relief ¶¶ 1(c), 4)).[4] Specifically, he asks the Court to award $3,000 in federal statutory damages, computed as follows: $1,500 (triple damages) for a willful and knowing violation of the TCPA's automated-call requirement (47 U.S.C. § 227(b)(3)) and $1,500 (triple damages) for a willful and knowing violation of the TCPA's Do-Not-Call list (47 U.S.C. § 227(c)(5)). Such an award would be consistent with the damages we previously awarded against Defendant Qall Cord (see docs. 37, 51, 52). He also asks us to award $800 in state statutory damages, claiming four distinct violations of the Ohio Consumer Sales Protection Act

---

[4] Under the TCPA, an individual may bring a private right of action once he "has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" See 47 U.S.C. § 227(c)(5) (emphasis added). Plaintiff alleges that "each telemarketer [sued] originated at least two telephone calls within a twelve month period" to his residential landline. (See doc. 59, Third Amended Complaint ¶ 40.)

6

("OSCPA") (Ohio Rev. Code § 1345.09(B)). Based on the report of the Magistrate Judge regarding telemarketing calls initiated by Defendant Qall Cord, this Court previously found three separate violations, awarding $600 per call in state statutory damages. Plaintiff asks us to find an additional violation, one not raised or considered in this Court's ruling with regard to Defendant Qall Cord or in Charvat v. NMP, LLC, 656 F.3d 440 (6th Cir. 2011), the authority upon which the Magistrate Judge relied in making her damages recommendation (see doc. 37).[5] Plaintiff asks that we increase the award by $200 to sanction AIOS for failing to obtain a certification of registration from the Ohio

---

[5] The Magistrate Judge relied upon the Sixth Circuit's interpretation of Ohio law as to when separate violations of the TCPA are remediable under the OCSPA. See Charvat v. NMP, LLC, 656 F.3d 440, 450-52 (6th Cir. 2011). Key is whether the regulations, although discrete, are nonetheless directed at preventing the same harm. If so, multiple violations will result in only a single compensable injury. Id. at 451-52 (citing Charvat v. Ryan, 168 Ohio App. 3d 78, 90-92, 2006-Ohio-3705, 858 N.E.2d 845, 856-57, overruled on other grounds, 116 Ohio St. 3d 394, 2007-Ohio-6833, 879 N.E.2d 765). The three separate injuries identified concerning the calls made by the NMP defendants, and with regard to Defendant Qall Cord in this litigation, were calls were placed to a number on the national Do-Not-Call registry in violation of 16 C.F.R. § 310.4(b)(iii)(B); calls that did not disclose the identity of the seller in violation of 16 C.F.R. § 310.4(d)(1), thus preventing the called party from contacting the telemarketer to avoid future calls; and calls that failed to disclose their purpose was to effect a new sale in violation of 16 C.F.R. § 310.4(d)(2) and Ohio Admin. Code § 109:4-3-11(A)(1), thus deceiving the caller about the true purpose of the call. See doc. 37 at 10.

7

Attorney General[6], as required by Ohio Rev. Code § 4719.02(A)[7], which, by the express terms of Ohio Rev. Code § 4719.14[8], is an unfair or deceptive act or practice in violation of the OSCPA.[9] He argues that Section 4719 serves a separate purpose and provides discrete consumer protections independent of those identified in NMP, supra. It identifies the information an applicant for "telephone solicitor" must disclose, which is extensive and obviously designed to ferret out companies or individuals associated with fraud-based activity in either the

---

[6] Plaintiff has alleged that none of the named Defendants, AIOS obviously included, registered in Ohio as telemarketers (see doc. 59, Third Amended Complaint ¶ 48).

[7] **4719.02 Certificate of registration; application**

(A) No person shall act as a telephone solicitor without first having obtained a certificate of registration or registration renewal from the attorney general under section 4719.03 of the Revised Code.

[8] **4719.14 Consumer sales practices act applicable**

A violation of section 4719.02, 4719.05, or 4719.06; division (C),(D), or (E) of section 4719.07; section 4719.08; or division (A) of section 4719.09 of the Revised Code is an unfair or deceptive act or practice in violation of section 1345.02 of the Revised Code.

(Emphasis added.)

[9] A list of companies currently registered as telephone solicitors under Ohio Rev. Code §§ 4719.01 et seq., the Telephone Solicitation Sales Act, which includes a roll of pending applicants, is available at http://www.ohioattorneygeneral.gov/Individuals-and-Families/Consumers/Telephone-Soliciters (last visited October 14, 2014). Defendant AIOS is not on that list, which was last updated on September 2, 2014. Attached to Plaintiff's instant motion was the list current as of November 15, 2012 (doc. 87, Exh. L); AIOS does not appear there either.

criminal or civil arenas. See, e.g., Ohio Rev. Code § 4719.02(B)(5),(7),(8). Moreover, Section 4719.02(D) mandates that a nonresident telemarketer engage an Ohio resident to act as its statutory agent for service of process. Although not as complicated as with Defendant Valbueana—for either Plaintiff, the Magistrate Judge or the Clerk of this Court[10]—without question, service on Defendant AIOS would have been an easier process had there been a statutory agent in the picture. The Court is satisfied that a failure to register with the attorney general is indeed a separate injury, and mindful of the Ohio General Assembly's instruction that the provisions of the OSCPA are "remedial in nature and shall be liberally construed[,]" see Ohio Rev. Code § 4719.18, we conclude that Plaintiff's argument is well-taken. Accordingly, he will be awarded state statutory damages in the amount of $800 for four distinct violations of the OSCPA.

We turn finally to Plaintiff's request for injunctive relief under Ohio Rev. Code § 4719.15(A). He reads the language of the statute as requiring the Court to issue an injunction upon finding a violation of the OSCPA. We disagree that the statute leaves the Court without discretion in this regard, as Section 4719.15(A) states in pertinent part, "Upon [a plaintiff's] showing that the telephone solicitor or salesperson

---

[10] See docs. 72, 76, 83, 90, 104-05.

has committed a violation . . . , the court shall grant an injunction, temporary restraining order, or other appropriate relief[]" (emphasis ours). We need not decide the issue, however, because we believe injunctive relief, along with money damages, is a suitable remedy here.

In conclusion, therefore, the Court REJECTS the recommendation of the Magistrate Judge (doc. 121) and instead GRANTS Plaintiff's Motion for Default Judgment against Defendant All In One Service AIOS, LLC (doc. 87). Defendant All In One Service AIOS, LLC is directed to pay Plaintiff damages in the amount of $3,800.00, together with costs, with interest to be paid at the statutory rate until said judgment is satisfied. Further, Defendant All In One Service AIOS, LLC, and its officers, employees, agents and aliases, and all other persons acting directly or indirectly in concert with Defendant, are permanently enjoined from engaging in any unfair, deceptive, or unconscionable act or practice in violation of either Ohio's Consumer Sales Protection Act, Ohio Rev. Code §§ 1345.01 et seq., or Ohio's Telephone Sales Solicitation Act, Ohio Rev. Code §§ 4719.01 et seq., as well as the related provisions of the Ohio Administrative Code.

SO ORDERED.

Dated: October 16, 2014  s/S. Arthur Spiegel_____
                                        S. Arthur Spiegel
                                        United States Senior District Judge