UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,                           Case No. 1:12-cv-630

       Plaintiff,                     Spiegel, J.
                                          Bowman, M.J.

   v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

       Defendants.

**REPORT AND RECOMMENDATION**

**I.    Background**

The above captioned case involves Plaintiff's allegations of illegal telemarketing practices. Seeking monetary damages and injunctive relief, Plaintiff initiated this litigation *pro se* on August 20, 2012. He has amended his complaint several times, adding new claims and defendants. On September 6, 2015, Plaintiff filed a motion seeking entry of a default judgment against Edwin Adquilen Valbuena, Jr. The undersigned now recommends grating Plaintiff's unopposed motion.

**II. Analysis of Pending Motion for Default Judgment**

The instant motion reflects the third time in which Plaintiff has sought the entry of a default judgment. On June 6, 2013, the undersigned recommended that Plaintiff's motion for default judgment against foreign defendant Qall Cord Philippines Ltd. be granted. (Doc. 37). Modifying the recommendation only to increase the calculation of

1

damages, the presiding district judge adopted that R&R on August 27, 2013. (Doc. 51). On August 13, 2014, the undersigned took a different stance, recommending based upon the procedural posture of this case that Plaintiff's unopposed motion for entry of default judgment against a different defendant be denied, but without prejudice to renew at the conclusion of the case. (Doc. 121). On October 16, 2014, the presiding district judge rejected that recommendation and directed the entry of a default judgment for both monetary and injunctive relief against the Florida defendant. (Doc. 130).

Plaintiff now seeks the entry of a default judgment against Defendant Edwin Adquilen Valbuena Jr. Like Defendant Qall Cord against which default judgment was previously entered, Mr. Valbuena apparently resides in the Philippines. (*See* Docs. 105, 106, 108). The Clerk of Court previously has filed an entry of default against this Defendant. (Doc. 108). For the reasons expressed by Senior U.S. District Judge S. Arthur Spiegel, as well as for the reasons listed by Plaintiff in the pending motion, the entry of default judgment is now recommended.

### III. Conclusion and Recommendation

Accordingly, IT IS RECOMMENDED HEREIN THAT Plaintiff's unopposed motion for default judgment against Defendant Edwin Adquilen Valbuena, Jr. (Doc. 125) be GRANTED. IT IS FURTHER RECOMMENDED THAT Defendant Edwin Adquilen Valbuena, Jr. be directed to pay Plaintiff damages in the amount of $15,200, together with costs, with interest to be paid at the statutory rate until said judgment is satisfied. Further, Defendant Edwin Adquilen Valbuena, Jr. and his employees, agents and aliases, and all other persons acting directly or indirectly in concert with Defendant, should be permanently enjoined from engaging in any unfair, deceptive, or

unconscionable act or practice in violation of the federal Telemarketing Sales Rule, 16 C.F.R. § 310, or the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, or Ohio's Consumer Sales Protection Act, Ohio Rev. Code §§ 1345.01 *et seq.*, or Ohio's Telephone Sales Solicitation Act, Ohio Rev. Code §§ 4719.01 *et seq.*, as well as the related provisions of the Ohio Administrative Code.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,                     Case No. 1:12-cv-630

      Plaintiff,                       Spiegel, J.
                                      Bowman, M.J.

  v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).