UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS, : Case No. 1:12-cv-00630
:
    Plaintiff, :
:
:
    v. : **OPINION AND ORDER**
:
:
TELEMARKETER CALLING FROM :
(407) 476-5680 AND OTHER :
TELEPHONE NUMBERS, et al., :
:
    Defendants. :

This matter is before the Court on the November 18, 2014 Report and Recommendation of Magistrate Judge Stephanie K. Bowman (doc. 139), to which there has been no objection. For the reasons that follow, the Court accepts the recommendation of the Magistrate Judge.

Plaintiff's Third Amended Complaint (doc. 59) names nine defendants, six of whom have come to be known as in this litigation as the "Accuardi Defendants"[1]. The other three are

---

[1] The Accuardi Defendants consist of three corporate entities and three individuals, and their alleged relationship to one another is detailed in our Opinion and Order docketed on August 5, 2014 (doc. 120). They have filed a motion to dismiss all claims against them on the theory that they cannot be held vicariously liable for calls made by telemarketers to whom they provide telephone numbers (see doc. 70), which, with one small exception, the Magistrate Judge has recommended we grant (see doc. 91). Before the Court could issue its decision as to whether to accept, reject or modify her recommendation, Plaintiff filed a notice with the Clerk advising that he had

Qall Cord Philippines Ltd. Co. and All In One Service AIOS, LLC, against whom default judgments have been entered (see docs. 51, 52 & 130, 131, respectively), and Edwin Adquilen Valbuena Jr., d/b/a VICIdial, the subject of the instant unopposed motion for default judgment (doc. 125). Plaintiff alleges that the latter three defendants placed telemarketing calls to his residential telephone line in violation of federal and state statutes. With regard to Defendant Valbuena, Plaintiff seeks money damages in the amount of $15,200.00 and injunctive relief (id. at 3-6 (PAGEID ##: 1819-1821)).

As with Defendant Qall Cord, Plaintiff sought leave to serve Defendant Valbuena by e-mail under Fed. R. Civ. P. 4(f)(3) in January 2014[2] (see doc. 83). The Magistrate Judge granted

---

filed with the Federal Communications Commission a "Petition for Expedited Declaratory Ruling" on the vicarious liabililty issue. He concomitantly filed a motion to stay the Accuardi Defendants' motion to dismiss and asked this Court for a referral to the FCC—under the primary jurisdiction doctrine—of the question presented in his Petition (doc. 115). We granted Plaintiff's motion (see doc. 120). But as the Magistrate Judge has recognized (see doc. 121 at 2), that ruling does not affect motions pending against any of the other defendants.

[2] The Clerk had previously attempted service by international mail on November 20, 2013 (see docs. 68, 71). As of January 15, 2014, however, nothing had been docketed to indicate that service had been perfected, thus prompting Plaintiff's motion to serve Defendant Valbuena by e-mail (see doc. 83 at 2). The envelope containing the Summons and the Third Amended Complaint was not returned to the Clerk until May 5, 2014. It apparently had arrived in the Philippines on November 28, 2013 and delivery was attempted the following December 7. The hand-written notation "Moved Out" appears on the envelope, as does the stamp "Moved, Left No Address[.]" See doc. 104.

Plaintiff's motion and very specifically instructed how the e-mails were to be worded, to what address they should be sent and by whom (the Clerk and another person designated by Plaintiff), and what steps to take in the event of an e-mail delivery failure notification (also known as an e-mail "bounce" message) (doc. 90 at 4). Thereafter, the Clerk sent the two e-mails it was directed to send by the Magistrate Judge; no e-mail delivery failure notifications occurred (see docket entry dated 03/21/2014). Likewise, the person designated by Plaintiff also sent an e-mail according to the Court's instruction; no e-mail delivery failure notification occurred in this instance either (see doc. 105). With service thus perfected, Plaintiff made application to the Clerk for an entry of default pursuant to Fed. R. Civ. P. 55(a) (doc. 106). An Entry of Default was docketed the next day (doc. 108). Plaintiff ultimately filed the instant motion for default judgment against Defendant Valbuena on September 5, 2014 (doc. 125).

Plaintiff seeks both statutory damages and injunctive relief with regard to the four pre-recorded calls he received from Defendant Valbuena from the phone numbers 253-382-9908, 253-382-9903, 503-902-8480 and 503-902-8479 (doc. 59, Third Amended Complaint ¶¶ 37-39, 94 & at page 25 (Prayer for Relief ¶¶ 1(d), 5)). Specifically, he asks the Court to award $3,000 per call in federal statutory damages, computed as follows:

$1,500 (triple damages) for a willful and knowing violation of the TCPA's automated-call requirement (47 U.S.C. § 227(b)(3)) and $1,500 (triple damages) for a willful and knowing violation of the TCPA's Do-Not-Call list (47 U.S.C. § 227(c)(5)). Such an award would be consistent with the damages we previously awarded against both Defendants Qall Cord and AIOS (see docs. 37, 51, 52 & 130, 131, respectively). He also asks us to award $800 per call in state statutory damages, claiming four distinct violations of the Ohio Consumer Sales Protection Act ("OSCPA") (Ohio Rev. Code § 1345.09(B)). Such an award would be consistent with the damages we most recently awarded against Defendant AIOS (see docs. 130, 131), which we find particularly suitable in this instance. The additional sanction[3] sought here,

---

[3] In making her damages recommendation with regard to Defendant Qall Cord, the Magistrate Judge relied upon the Sixth Circuit's interpretation of Ohio law as to when separate violations of the TCPA are remediable under the OCSPA. See Charvat v. NMP, LLC, 656 F.3d 440, 450-52 (6th Cir. 2011). Key is whether the regulations, although discrete, are nonetheless directed at preventing the same harm. If so, multiple violations will result in only a single compensable injury. Id. at 451-52 (citing Charvat v. Ryan, 168 Ohio App. 3d 78, 90-92, 2006-Ohio-3705, 858 N.E.2d 845, 856-57, overruled on other grounds, 116 Ohio St. 3d 394, 2007-Ohio-6833, 879 N.E.2d 765). The three separate injuries identified concerning the calls made by the NMP defendants, and by the Magistrate Judge with regard to Defendant Qall Cord earlier in this litigation, were calls were placed to a number on the national Do-Not-Call registry in violation of 16 C.F.R. § 310.4(b)(iii)(B); calls that did not disclose the identity of the seller in violation of 16 C.F.R. § 310.4(d)(1), thus preventing the called party from contacting the telemarketer to avoid future calls; and calls that failed to disclose their purpose was to effect a new sale in violation of

and previously against Defendant AIOS (but not Defendant Qall Cord), concerns a failure to obtain a certificate of registration from the Ohio Attorney General, as required by Ohio Rev. Code § 4719.02(A), which, by the express terms of Ohio Rev. Code § 4719.14, is an unfair or deceptive act or practice in violation of the OSCPA.[4] Section 4719 provides a number of discrete consumer protections, among them a mandate that a nonresident telemarketer engage an Ohio resident to act as its statutory agent for service of process.  See Ohio Rev. Code § 4719.02(D).  Had a statutory agent been in the picture vis-à-vis Defendant Valbuena, the extraordinary and complicated process in which Plaintiff, the Magistrate Judge and the Clerk of this Court engaged to perfect service upon him would have been avoided.  Accordingly, for each of the four calls, Plaintiff will be awarded state statutory damages in the amount of $800 for four distinct violations of the OSCPA.  The Court also finds

---

16 C.F.R. § 310.4(d)(2) and Ohio Admin. Code § 109:4-3-11(A)(1), thus deceiving the caller about the true purpose of the call. See doc. 37 at 10.  We adopted this analysis regarding our damages award against Defendant AIOS and agreed with Plaintiff that an additional fourth violation existed.  See doc. 130 at 6-9.

[4] A list of companies currently registered as telephone solicitors under Ohio Rev. Code §§ 4719.01 et seq., the Telephone Solicitation Sales Act, which includes a roll of pending applicants, is available at http://www.ohioattorneygeneral.gov/Individuals-and-Families/Consumers/Telephone-Soliciters (last visited December 8, 2014). Defendant Valbuena is not on that list, which was last updated on December 1, 2014.

5

that injunctive relief under Ohio Rev. Code § 4719.15(A), along with money damages, is warranted. Although Defendant Valbuena apparently resides in the Republic of the Philippines, he has business connections with at least three U.S.-based companies: VICIDial in Florida, Digium, Inc. in Alabama and voip-info.org in California (see doc. 125 at 4-5).

Finally, we note that, when multiple parties are involved, Fed. R. Civ. P. 54(b) provides that a trial court "may direct entry of a final judgment as to one or more, but fewer than all, parties only if the court expressly determines that there is <u>no just reason for delay</u>[]" (emphasis added). For the reasons set forth in our Opinion and Order granting default judgment against Defendant AIOS (see doc. 130 at 2-5), we so find. Thus, and in conclusion, the Court **ACCEPTS** the recommendation of the Magistrate Judge (doc. 139) and **GRANTS** Plaintiff's Unopposed Motion for Default Judgment against Defendant Edwin Adquilen Valbuena Jr. (doc. 125). Defendant Edwin Adquilen Valbuena Jr. is directed to pay Plaintiff damages in the amount of $15,200.00, together with costs, with interest to be paid at the statutory rate until said judgment is satisfied. Further, Defendant Edwin Adquilen Valbuena Jr. and his employees, agents and aliases, and all other persons acting directly or indirectly in concert with him, are permanently enjoined from engaging in any unfair, deceptive, or unconscionable act or practice in

violation of either Ohio's Consumer Sales Protection Act, Ohio Rev. Code §§ 1345.01 et seq., or Ohio's Telephone Sales Solicitation Act, Ohio Rev. Code §§ 4719.01 et seq., as well as the related provisions of the Ohio Administrative Code.

    SO ORDERED.

Dated:   December 9, 2014   s/S. Arthur Spiegel_____
                                        S. Arthur Spiegel
                                        United States Senior District Judge