IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| VINCENT LUCAS, | : | Case No. 1:12CV630-TSB-SKB |
| Plaintiff, | : | Black, J. |
|  | : | Bowman, M.J. |
| v. | : |  |
|  | : | **PLAINTIFF'S MOTION FOR** |
| PACIFIC TELECOM COMMUNICATIONS | : | **SANCTIONS** |
| GROUP, et al., | : |  |
| Defendants. | : |  |
|  | : |  |
|  | : |  |

Plaintiff requests a contempt of court citation and other sanctions, including default judgment, against the Defendants for their subsequent knowingly false statements to this Court in defense of Pacific Telecom's false subpoena response. Because of the severity of the subsequent false statements, which includes perjury by Fred Accuardi, I request that the Court impose the most severe sanctions available.

Respectfully submitted,

s/ Vincent Lucas

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff

Memorandum In Support

In defense of the Pacific Telecom false subpoena response that is the subject of Plaintiff's first Motion for Sanctions, Doc. 122, the Defendants committed the following sanctionable, contemptuous acts:

1. Fred Accuardi committed perjury by submitting an affidavit that he knew to be false.  See Pl.'s Reply Mem. In Support of Mot. Sanctions at 1-4.

2. In their subsequent memoranda, the Defendants knowingly made false statements to this Court claiming that "The e-mails [cited by Plaintiff] could have been written by Fred Accurdai on behalf of a different company. … PTCG does not now, nor did it at the time the subpoena was issued, have any documents responsive to the owners, officers or representatives of ITC. The e-mails from fred@inttelephone.com were not, to PTCG's knowledge, sent on behalf of ITC. …  PTCG truthfully and accurately responded to Plaintiff's subpoena".  Defs.' Surreply Mem. In Opp'n to Mot. Sanctions, Doc. 132 at 4.

3. The Defendants knowingly falsely stated in Doc. 145 that in Fred Accuradi's emails to Pacific Telecom, "International Telephone Corporation" could have referred to a different company incorporated in Wyoming, instead of the Belize company International Telephone Corporation.  In furtherance of this false statement, the Defendants knowingly falsely stated the name of the Wyoming company, by calling it "International Telephone Corporation, LLC", Doc. 145 at 3, when in truth, the Wyoming company's name does not have the word "Corporation" in it.  The name of the Wyoming company is "International Telephone LLC".  Accuardi's Amended Notice of Discovery, Doc. 154, at 6-8.

4.  The Defendants refused to correct their false statements when I brought to their attention the falseness of their statements. See e.g. Pl.'s Notice, Doc. 133. Instead the Defendants continued to tell this Court that the statements were completely true and accurate. The Defendants have had 21 days since this motion was served upon them to correct all of their false statements.

As noted in Pl.'s Reply Memorandum at 3, perjury should be sanctioned by severe civil and criminal contempt of court sanctions. Plaintiff requests a default judgment on all claims against the Defendants, which is entirely appropriate in light of the perjury and the Defendants' other repeated lies to this Court. The requested relief is small in comparison to the maximum penalty for perjury: 5 years jail and $250,000 fine for an individual, $500,000 fine for an organization. 18 U.S.C. §§ 1621, 3559(a)(4), 3571(b)(3). Sanctions are available under the court's inherent and statutory powers to punish contempt of court and Rule 11.[1] The sanctions must be severe; otherwise this Court would send the message to "other parties to other lawsuits" that perjury is not a serious offense. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

IV.  Authority of the Magistrate Judge

The Magistrate Judge does not have authority to make a ruling on a request for contempt sanctions, 28 U.S.C. § 636(e), or the request for default judgment, Rule 72, but she can make a Report and Recommendation.

> … the magistrate judge shall forthwith certify the facts [regarding acts that constitute contempt] to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show

---

[1] For a discussion of the law on sanctions and of other possible sanctions, see Pl.'s Mot. for Sanctions.

cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e).

    Respectfully submitted,

    s/ Vincent Lucas

CERTIFICATE OF SERVICE

I certify that on June 9, 2015, I served the foregoing upon Helen Mac Murray, who is a CM/ECF user and is counsel for defendants Telephone Management Corporation, International Telephone Corporation, Pacific Telecom Communications Group, Fred Accuardi, F. Antone Accuardi, and Steve Hamilton, by e-mail to hmacmurray@mpslawyers.com.

    s/ Vincent Lucas