UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT LUCAS, | : | Case No. 1:12-cv-630 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | |
| TELEMARKETER CALLING FROM | : | |
| 407 (476-5680) AND OTHER | : | |
| TELEPHONE NUMBERS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# DECISION AND ENTRY
# ADOPTING THE REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 179) AND
# OVERRULING OBJECTIONS TO THE MEMORANDUM ORDER
# OF THE MAGISTRATE JUDGE (Doc. 181)

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman.  Pursuant to such reference, the Magistrate Judge reviewed the filings with this Court and, on August 20, 2015, submitted a Report and Recommendation (Doc. 179) in relation to Plaintiff's motion for contempt and default judgment, and any other dispositive sanctions sought in Plaintiff's motion for sanctions (Doc. 175).  The Magistrate Judge addressed the non-dispositive portion of Plaintiff's motion for sanctions in a Memorandum Order filed the same day.  (Doc. 178). Plaintiff filed objections to the Report and Recommendation and Memorandum Order (Doc. 181), and Defendants F. Antone Accuardi, Fred Accuardi, Steve Hamilton,

International Telephone Corporation, Pacific Telecom Communications Group, and Telephone Management Corporation ("Defendants") responded.[1]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby adopted in its entirety; and Plaintiff's objections to the Report and Recommendation are overruled.  Plaintiff's objections to the Memorandum Order are likewise overruled.  Accordingly:

1. The Report and Recommendation (Doc. 179) is **ADOPTED**;

2. Plaintiff's motion for contempt and default judgment, and any other dispositive sanctions sought in Plaintiff's motion (Doc. 175) is **DENIED**; and

3. Plaintiff's Objections to the Memorandum Order (Doc. 181) are **OVERRULED**.

   **IT IS SO ORDERED**.

Date:  11/6/15                                                                                             *s/ Timothy S. Black*
                                                                                                           Timothy S. Black
                                                                                                           United States District Judge

---

[1] Plaintiff's objections are not well taken.  Plaintiff's arguments were fully addressed in the Magistrate Judge's Memorandum Order (Doc. 178) and this Court adopts the Magistrate Judge's reasoning as explained by her.  The entry of default judgment as a discovery sanction is a draconian sanction, warranted in only the most egregious circumstances.  *See Thurmond v. Wayne*, 447 Fed. App'x. 643, 2011 WL 2270901, at *4 (6th Cir. June 10, 2011).  Similarly, the drastic nature of contempt of court sanctions "dictates that such judicial powers be used only in clear and urgent instances." *Springfield Bank v. Caserta*, 10 B.R. 57, 59 (S.D. Ohio Mar. 4, 1981).  Here, as noted by the Magistrate Judge, it is still not entirely clear what responsive documents existed in 2012 in PacTel's possession.  Plaintiff, however, subsequently discovered the relationship between ITC and PacTel through other means.  The delay in discovery of the information had no impact at all on the course of the litigation.  As a result, the imposition of such drastic sanctions is not appropriate here.  And because it is not clear what responsive documents existed in PacTel's possession, the Court cannot find that Defendants knowingly made false statements to the Court.