# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

VINCENT LUCAS,

        Plaintiff,

v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

        Defendants.

Case No. 1:12-cv-630

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

The above captioned case involves Plaintiff's allegations of illegal telemarketing practices. Seeking monetary damages and injunctive relief, Plaintiff initiated this litigation *pro se* on August 20, 2012.[1] As explained below, the only claims remaining in this case are claims that a now-dissolved entity known as Defendant TMC, and/or its alter ego, Defendant Fred Accuardi, made two telephone calls to Plaintiff in September 2011 in violation of a provision of federal law. However, evidence uncovered at the end

---

[1] Plaintiff has filed at least 8 lawsuits in this Court alone, all containing similar allegations of illegal telemarketing practices. In addition to the above captioned case, *see* Case No. 1:11-cv-409 (closed), Case No. 1:15-cv-108 (closed), Case No. 1:16-cv-790, Case No. 1:16-cv-1102, Case No. 1:16-cv-1127 (closed), Case No. 1:17-cv-47 (closed); Case No. 1:17-cv-374 (closed). Plaintiff also filed a "miscellaneous" case, Case No. 1:17-mc-02, that was administratively closed by Magistrate Judge Litkovitz as improperly opened because it related to an existing civil case. In addition, Plaintiff's filings in this Court allude to related litigation he has pursued in state court(s).

of discovery strongly suggests that a different entity known as Sale Technology actually initiated those two calls, but the time for filing any dispositive motions has long expired.

Currently before the undersigned is Plaintiff's motion to file a fourth amendment to his complaint. (Doc. 199). For the following reasons, I now recommend that Plaintiff's motion be DENIED.

## I. Background

After initiating suit more than five years ago, Plaintiff amended his complaint three times, continually adding new parties and expanding his claims that various Defendants violated multiple federal and state laws and both federal and state common law by engaging in illegal telemarketing practices. On March 20, 2014, the undersigned filed a Report and Recommendation ("R&R") that recommended dismissal of most pending claims against most Defendants,[2] on the basis that Plaintiff's third amended complaint failed to state any claim, with the exception of federal Telephone Consumer Protection Act ("TCPA") claims against Telephone Management Corporation ("TMC") and Defendant Fred Accuardi. (Doc. 91).

Plaintiff had asserted many claims concerning multiple telephone calls that he allegedly received in violation of the National Do Not Call Registry status of his residential telephone number. However, the undersigned rejected Plaintiff's theories of "vicarious/contributory liability" under the TCPA, and further held that the only claims permitted to proceed were TCPA claims regarding two specific telephone calls, alleged by Plaintiff to have been "originated" by TMC and received by Plaintiff on September 7

---

[2]The R&R did not address the claims against Defendants as to whom Plaintiff had obtained default judgments.

and September 9, 2011. (Doc. 91 at 18, citing Third Amended Complaint at ¶ 34). The undersigned found that, based on the allegations of the complaint, only TMC and Accuardi fell within the definition of a "telemarketer" under the TCPA for the two referenced calls. In recommending dismissal of all other claims,[3] the undersigned specifically rejected every theory of liability under state law, as well as all other federal theories of liability.

In Objections filed by both parties and other post-R&R documents, Defendants TMC and Accuardi maintained that neither Defendant actually initiated or placed either of the two referenced telephone calls. Plaintiff admitted that if Defendants' proof demonstrated that neither was the "true caller" of the September 2011 calls, then (under the R&R) he would not be able to continue even his single TCPA claim against the two Defendants.

Although none of the parties sought extension of the expired dispositive motion deadline, the undersigned extended discovery, directing the parties to complete discovery relating to the "true caller" by June 1, 2014. (Minute entry of 4/16/14). On May 22, 2014, the undersigned granted Defendants' motion to compel non-party AT&T to respond to a subpoena seeking records relating to TMC's calls from September 2011. (Docs. 110, 112). Defendants later identified an entity called "Sale Technology" as the "true caller." (Doc. 122-8, Exh. H). On November 18, 2014, the undersigned granted Plaintiff's motion to compel additional discovery from Defendants, directing

---

[3] Among the claims rejected in the R&R were claims for "aiding and abetting" and "joint enterprise" liability, for "common law" liability, and for liability under related Ohio statutes or the Ohio Consumer Sales Practices Act, as well as claims for negligence, nuisance, invasion of privacy, and various claims for injunctive relief. (*See* Doc. 166 at 2-3, summarizing Doc. 91).

Defendants to respond by November 28, 2014. (Doc. 138 at 23). At the same time, the undersigned granted Plaintiff's motion for Rule 37 sanctions against Fred Accuardi and TMC "for their failure to adequately respond to Plaintiff's earlier discovery requests [and]…failure to fully comply with this Court's prior order compelling supplemental discovery disclosures, and the resulting tardy disclosure of [a relevant]… email." (*Id.*) Both parties filed Objections to that order, which were overruled. (Doc. 169).

In the meantime, after the March 2014 R&R was filed dismissing all claims and parties except those relating to the two September 2011 calls, this case took a procedural detour when Plaintiff filed a petition with the Federal Communications Commission. The petition sought a ruling from the FCC consistent with a legal theory that the R&R had rejected, that "a person is vicariously or contributorily liable if that person provides substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice" that violates the TCPA. (Doc. 166, citing Docs. 114 and 114-1). On August 5, 2014, the then-presiding district judge[4] granted Plaintiff's motion to stay the Court's ruling on the March 2014 R&R pending further ruling by the FCC on Plaintiff's petition. (Doc. 120). Urging the FCC to rule "promptly," the Court directed the parties to file status reports every 120 days. (Doc. 120 at 12).

On February 26, 2015, the undersigned entered a Memorandum Order that ruled on several motions filed by Plaintiff. The Order summarized the complex litigation history and pointed out that the recent reassignment to U.S. District Judge Black invited

---

[4]Senior District Judge S. Arthur Spiegel originally presided over this case. On January 13, 2015, following Judge Spiegel's death, the case was reassigned to U.S. District Judge Timothy S. Black.

his reconsideration of how long the existing stay on March 2014 R&R should continue. (Doc. 166). The Order reiterated that: "If Sale Technology is proven to be the true caller [of the two September 2011 calls] and the March 2014 R&R is adopted, the last remaining claims in this lawsuit will be subject to dismissal." (Doc. 166 at 17). In denying Plaintiff's motions to expand discovery into new calls and potential new claims, the Court wrote:

> It seems clear that Plaintiff's real purpose is to continue to expand his claims and the number of defendants in this existing litigation. Indeed, he argues that once he determines the identity of the caller or callers, "joinder of the new claims into this lawsuit is permitted under Rule 20(a)(2)(B)." (Doc. 164 at 3). The undersigned could not disagree more. Ironically, Plaintiff himself footnotes a contrary view, suggesting that "if there is no connection at all between these calls" and those at issue in this lawsuit, "I would choose to pursue claims regarding the new calls in a separate lawsuit…." (Doc. 164 at 3). The undersigned takes judicial notice of the fact that Plaintiff recently initiated a new lawsuit against Victor Jolin, presumed to relate to some of the recent calls he alleges that he has received.

(Doc. 166 at 18). Indeed, as noted in footnote 1 above, Plaintiff has instituted multiple lawsuits against many Defendants concerning similar calls and alleging similar claims in this Court. Judge Black overruled all Objections to the February 2015 Order, but did not explicitly address whether to continue the stay on ruling on the March 2014 R&R. (Docs. 169, 171).

Plaintiff continued to file new discovery-related motions, including a motion seeking additional sanctions against both TMC and Accuardi. On August 20, 2015, the undersigned ruled on several matters, increasing the monetary sanction against TMC and Accuardi payable to Plaintiff under Rule 37 from the original $500 to $1,000 per Defendant, based in part upon the Defendants' "inexcusable" delay in payment. (Doc.

178 at 13). On the same date, the undersigned recommended the denial of Plaintiff's dispositive motions for contempt and entry of default judgment. (Doc. 179). Plaintiff filed Objections to both the Order and the R&R, which the district court overruled. (Doc. 186).

In the August 2015 Order, the undersigned also expanded the existing stay.

> The only issue remaining in this case – absent rejection of the pending R&R – are the two "508" [area code] calls ostensibly made by a non-party [Sale Technology]. The time for TMC and Fred Accuardi to file a motion for summary judgment on those limited issues has expired, but they too could not be dismissed out completely, even if the Court permitted them to file a belated motion to prove that they were not the "true caller" of the 508 calls, unless the long-pending R&R were to be fully adopted. All remaining issues regarding the prior production of discovery and sanctions have been resolved. Rather than continuing to engage in piecemeal or satellite litigation, a full stay of all further proceedings in this case is appropriate at this time.

(Doc. 178 at 14-15). Plaintiff again filed Objections, which were again overruled. (Doc. 186). During the period of a full stay of all proceedings, little was filed other than the periodic status reports concerning the FCC petition.

On December 9, 2016, noting the length of time that this case had been pending without resolution, and the filing of multiple status reports that reflected no information as to when the FCC might rule, or "whether a ruling will be forthcoming at all," Judge Black directed the parties to "show cause" why the Court should not rule on the long-pending March 2014 R&R. (Doc. 191). After reviewing the parties' submissions, Judge Black lifted the stay and adopted the original March 2014 R&R in its entirety on June 5, 2017, overruling the Objections of both parties.

Thus, as of June 5, 2017, only Plaintiff's limited TCPA claims concerning two calls allegedly made in September 2011 remain. The only Defendants that remain are

TMC and Fred Accuardi. No one disputes that based on the present posture of this case, if the evidence shows that the non-party Sale Technology made the two calls rather than TMC and/or Accuardi, then neither of the remaining Defendants can be held liable as the "true caller."

On June 19, 2017, defense counsel moved the Court to withdraw from her prior representation of TMC, noting that "[i]t has been brought to the attention of …counsel that TMC no longer exists and has been dissolved." (Doc. 197). On June 21, 2017, the undersigned held a telephonic status conference, at which both Plaintiff and defense counsel appeared. The Court granted counsel's motion to withdraw from representation of the now-dissolved (but not dismissed) TMC, and further granted Plaintiff's oral motion for leave to file a motion to amend his complaint a fourth time.[5] Near in time to the telephonic status conference in this case, the parties agreed to participate in a court-facilitated settlement conference before Magistrate Judge Litkovitz. (Doc. 201).

Plaintiff filed his motion for leave to further amend his complaint, to which Defendant Fred Accuardi filed a response in opposition, and Plaintiff filed a reply. Although the undersigned had anticipated that the parties first would engage in the settlement conference, on October 3, 2017, Plaintiff notified this Court that Defendant Accuardi refused to schedule the settlement conference until such time as the undersigned rules upon Plaintiff's motion to file a fourth amended complaint. The undersigned regrets any further delay of this too-long-pending case, and now issues this R&R in hopes of speeding resolution.

---

[5] The undersigned orally denied Plaintiff's request to immediately file his fourth amended complaint.

7

## II. Analysis of Plaintiff's Motion To Amend

### A. Plaintiff's Proposed Amendment Should Be Denied For Procedural Reasons

On October 31, 2013, this Court granted Plaintiff's motion to file a third amended complaint but at that time, instituted a firm cut-off for any further motions to amend pleadings to be filed not later than December 2, 2013 – a date that has been expired for *nearly four years* at this point in time. (Doc. 57). The same calendar order directed discovery to be completed by March 3, 2014,[6] with all dispositive motions to be filed on or before April 1, 2014. The interests of justice, the interests of the lone remaining two Defendants, and the interests of the public would be greatly prejudiced by permitting Plaintiff to reopen this litigation to begin anew with a newly filed fourth amended complaint against multiple new Defendants, asserting multiple new theories of liability, including many theories previously dismissed by this Court. In addition to undue prejudice, the undersigned finds undue delay by Plaintiff in not previously seeking amendment, and a repeated failure to cure deficiencies through the three prior amendments previously allowed in this case.

The undersigned notes that Plaintiff previously had ample time to move for an extension of the December 2, 2013 deadline for seeking to further amend his complaint. Following the filing of Plaintiff's third amended complaint on October 31, 2013, up through at least August 5, 2014, no stay of any kind prevented Plaintiff from filing motions with this Court.[7] Even after August 5, 2014, Plaintiff could have filed a motion

---

[6]As referenced above, additional limited discovery was permitted relating to the "true caller" of the two September 2011 calls,

[7]A review of the docket sheet in this case, which reflects more than 200 entries, demonstrates that

for leave to amend a fourth time out-of-time, since Judge Spiegel initially stayed only the disposition of the Defendants' pending motion to dismiss and ruling on the March 2014 R&R. The Court did not stay all proceedings in this case until more than a year later, on August 20, 2015.

At the time the undersigned conducted a telephonic status conference on June 21, 2017 after Judge Black lifted that stay, Defendants strenuously objected to permitting the Plaintiff to further seek to amend his complaint. However, given that Plaintiff is a pro se litigant (albeit an unusually experienced one), the undersigned permitted Plaintiff the benefit of the doubt to allow him to file and brief his motion. Having now refreshed the Court's recollection concerning the long and complex history of this case as related above, and having reviewed the parties' memoranda concerning the proposed fourth amendment, the undersigned finds absolutely no grounds at all to grant Plaintiff's motion, and multiple procedural grounds (including prejudicial delay and the expiration of the deadline for amendment on December 2, 2013) on which to deny the motion.[8]

### B. Plaintiff's Motion to Amend Alternatively Should Be Denied On the Merits

Plaintiff's motion essentially seeks to reinstate both claims and defendants that were previously dismissed by this Court, under the R&R filed more than three and a half years ago on March 20, 2014 and ultimately adopted by Judge Black on June 5, 2017. The tendered amended complaint identifies eight Defendants and at least seven

---

Plaintiff has been an extremely active litigator, filing a great number of motions and other documents.
[8] A denial of Plaintiff's motion on procedural grounds could be made by Order, to the extent that procedural issues are generally considered to be non-dispositive. However, I have included all analysis in this R&R since I alternatively recommend denial of Plaintiff's motion on the merits.

separate claims. (Doc. 199-1). In essence, Plaintiff's motion to amend argues that this Court got it wrong when it dismissed prior claims and Defendants. Plaintiff explains that the basis for his belief and for his proposed fourth amendment rests on the FCC's 2015 Declaratory Ruling, FCC 15-72, which was released on July 10, 2015 and which Plaintiff believes "dramatically expanded the circumstances under which someone other than the physical caller may be held liable under the TCPA." (Doc. 199 at 3).[9] Plaintiff argues that FCC 15-72 "substantially adopted" Plaintiff's theories of liability – the same theories previously rejected by this Court – even though Plaintiff also acknowledges that FCC 15-72 was not based on vicarious or contributory liability, which Plaintiff brushes aside as "not really relevant." (Doc. 199 at 4). Plaintiff also maintains that even if FCC 15-72 is distinguishable, it "provide[s] a good indication of how the FCC is likely to rule on [Plaintiff's] petition when it addresses its merits." (*Id.* at n. 2).

The undersigned does not agree that FCC 15-72 is directly on point, even assuming it should be considered (a dubious premise). Although FCC 15-72 did not exist in March 2014 when the undersigned filed the R&R, Judge Black had the opportunity to consider FCC 15-72 when he considered Plaintiff's response to his "show cause" order, (Doc. 193), and when he overruled Objections and adopted the R&R as the opinion of the Court. Judge Black also reviewed an earlier FCC Declaratory Ruling, FCC 13-54, on which the March 2014 R&R partially relied.

In adopting the R&R over Objections, Judge Black wrote:

*In the absence of an FCC ruling on the issue presented in Plaintiff's petition*, the Court agrees with the magistrate judge's conclusion that FCC

---

[9]In his reply memorandum, Plaintiff partially retracts this argument as "imprecise," in order to counter Defendant's argument that FCC 15-72 should not be retroactively applied to this case. (Doc. 203 at 10).

> Declaratory Ruling 13-54, while not directly addressing a situation in which an entity is alleged to provide[] substantial assistance or support to any seller or telemarketer while knowing or consciously avoiding knowing that the seller or telemarketers violating the TCPA, "sets forth principles of vicarious liability that are incompatible with Plaintiff's theories of liability in this case. (Doc. 91, at 13). [Plaintiff's] arguments regarding his common law claims separate from the TCPA were adequately addressed in the R&R, and the Court fully adopts the magistrate judge's well-reasoned analysis.

Doc. 195 at 9, n.9 (emphasis added)).

Plaintiff's current motion for leave to file a fourth amended complaint, years after the deadline for amending his pleadings has expired, baldly asserts that Judge Black "did not consider the 2015 FCC Ruling at all when he adopted the 2014 Report and Recommendation." (Doc. 199 at 5). However, close examination undermines Plaintiff's hypothesis and leads to the conclusion that the proposed amendment should be denied. To the extent that the above italicized language does not reflect consideration of all potentially relevant FCC rulings, the undersigned concludes that Judge Black's failure to explicitly cite FCC 15-72 indicates either that the Court did not believe that FCC 15-72 was on point, and/or that it is not retroactively applicable.

Notably, Judge Black clearly considered not only all of the Objections that Plaintiff raised to the R&R, but he also rejected <u>new</u> theories of liability and a number of new authorities presented by Plaintiff in Plaintiff's "Response to Order to Show Cause," (Doc. 193), filed on December 30, 2016. Among those new authorities was an Illinois case, *Spiegel v. EngageTel*, Case No. 1: 15-cv-1809 (N.D. Ill. Sept. 29, 2016), that discusses FCC 15-72.

Plaintiff now seeks to file his proposed fourth amended to "incorporate the liability principles set forth in FCC 15-72 and the *Spiegel* [*v. EngageTel*] complaint." (Doc. 199

11

at 6). He argues that "if this Court were to hold that my [proposed fourth amended] complaint fails to state a claim, this Court's ruling would be in direct conflict with *Spiegel*." (Doc. 199 at 6). However, Plaintiff's motion conveniently ignores the fact that in adopting the March 2014 R&R, <u>Judge Black explicitly considered and rejected the reasoning of *Spiegel*</u>.

> [Plaintiff's] recent response to the Court's Order to show cause …cited a recent case from the Northern District of Illinois in which the court held that a case could be brought against defendants in a similar position to the virtual telephone number provider defendants in this case on a theory of direct liability. *Spiegel v. EngageTel*, No. 1:15-cv-01809 (N.D. Ill. Spt. 29, 2016)….That court held that it was "premature to rule [at the motion to dismiss stage of] the litigation that the Defendants can under no circumstances be found to be so intimately involved in the placing of the phone calls to [the plaintiff] as to be deemed an initiation[.]" *Id.* The Court disagrees with this assessment as applied to the Defendants in this case. FCC 13-54 includes a discussion of what constitutes "initiating" a violating phone call that indicates a required involvement far more intimate than any conduct Plaintiff alleges of the virtual telephone number provider defendants in this case. (*See* Doc. 91, at 11-12).

(Doc. 195 at 9-10, n.9).[10]

In his prior Response to Judge Black's "show cause" Order (Doc. 193), Plaintiff also urged the Court to permit him to continue claims based upon theories of civil conspiracy to violate the TCPA and Ohio law.[11] In his current motion to file a fourth amended complaint, Plaintiff explains that he seeks to "explicitly [add] civil conspiracy" under Ohio law, as well as to "bolster" prior "allegations regarding the OCSPA, negligence, invasion of privacy, nuisance, joint liability for actions under common

---

[10] In his reply memorandum in support of amendment, Plaintiff asks rhetorically, "what would be the point in deciding to not consider FCC 15-72 when such a decision would surely be reversed on appeal?" (Doc. 203 at 14). With all due respect to Plaintiff's prerogative to appeal the final disposition of this case, and to his optimistic view of the decision that the Sixth Circuit Court of Appeals may issue, the undersigned is bound by the decisions that Judge Black already has made in this case.

[11] In his Response, Plaintiff also asked Judge Black "for leave to amend" if Judge Black found that his third amended complaint did not sufficiently state a civil conspiracy claim. (Doc. 193 at 8, n.9).

12

design, [and] personal liability." (Doc. 199 at 7-8). Because all of the same arguments were explicitly or implicitly considered and rejected in the March 2014 R&R and by Judge Black in his June 5, 2017 adoption of that R&R, Plaintiff's motion to file a fourth amended complaint should be denied.

Having determined that ample grounds, both procedural and substantive, exist to deny Plaintiff's motion to file a fourth amended complaint, the undersigned finds no reason to belabor the point through examination of additional grounds cited by Defendant Accuardi in his response in opposition to further amendment. Those arguments include, but are not limited to, the statute of limitations and other post-March 2014 authorities cited by Defendant that support this Court's prior dismissal of the claims that Plaintiff now seeks to reinstate. Of course, the undersigned's decision not to discuss the remainder of Defendant's arguments has no bearing on the merits of those arguments. Indeed, preliminary review suggests that the vast majority of the arguments provide both alternate and additional grounds on which to deny Plaintiff's motion. (*See generally* Doc. 202).

For the same reasons that the undersigned has elected not to expend additional judicial resources discussing the remainder of the arguments contained in Defendant's response in opposition to amendment, the undersigned finds no need to discuss the additional authorities and arguments contained in Plaintiff's reply memorandum. However, to the extent that the reply memorandum seeks the imposition of additional sanctions on Defendants, (Doc. 203 at 12), the undersigned recommends denial of Plaintiff's request. None of the arguments contained in the reply memorandum alter the undersigned's firm conclusion that the proposed further amendment should be denied,

with this case to be brought to a final conclusion at the earliest opportunity, whether through court-facilitated mediation or otherwise.

### III.     Conclusion and Recommendation

For all of the reasons stated herein, IT IS RECOMMENDED THAT Plaintiff's motion to file a fourth amended complaint (Doc. 199) be DENIED, and that Plaintiff's request for further sanctions against Defendants (Doc. 203) also be DENIED.   IT IS FURTHER RECOMMENDED THAT, in the absence of joint, immediate consent to court-facilitated mediation or consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c), the presiding district judge set this matter for immediate trial on the remaining two telephone calls at issue.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VINCENT LUCAS,                                          Case No. 1:12-cv-630

        Plaintiff,                                 Black, J.
                                                   Bowman, M.J.

    v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written Objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All Objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the Objections. A party shall respond to an opponent's Objections within **FOURTEEN (14) DAYS** after being served with a copy of those Objections. Failure to make Objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).