UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,                    :    Case No. 1:12-cv-630
        Plaintiff,                :    Judge Timothy S. Black
                                  :    Magistrate Judge Stephanie K. Bowman
vs.                               :
                                  :
TELEMARKETER CALLING FROM         :
(407) 476-5680 AND OTHER          :
TELEPHONE NUMBERS, *et al.*,      :
        Defendants.               :

**DECISION AND ENTRY
ADOPTING IN PART THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 206)**

This case is before the Court pursuant to the Order of General Reference to United

States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the

Magistrate Judge reviewed the pleadings filed with this Court and, on October 26, 2017,

submitted a Report and Recommendations (R&R). (Doc. 206). [1] Plaintiff filed

objections on November 9, 2017. (Doc. 207).

After reviewing the R&R and Plaintiff's objections, this Court concurs with the

Magistrate Judge's conclusion that Plaintiff's motion for leave to file a fourth amended

complaint should be denied for procedural reasons. [2] Although Fed. R. Civ. P. 15(a)

requires that leave to amend "shall be freely given when justice so requires," a review of

the circumstances leading to this amendment causes the Court to conclude that justice

---

[1] A brief background on the procedural history of this case can be found in the R&R. (Doc. 206, at 2–7).

[2] As noted in the R&R, the Magistrate Judge had the authority to simply issue an Order denying the motion for leave to amend for procedural reasons, as that would fall within the scope of the procedural referral in this case. (Doc. 206, at 9 n. 8). However, as the Magistrate Judge chose to issue a Report and Recommendation on that issue, the Court reviews the issue *de novo*.

clearly does not require permitting an additional amendment. Defendants would be substantially prejudiced by this new filing, which constitutes undue delay. Plaintiff's proposed fourth amended complaint is heavily based on legal principles stated in an FCC declaratory ruling issued July 10, 2015 that Plaintiff argues supports his claim that Defendants can be held liable for various violations of the Federal Telephone Consumer Protection Act, Ohio Telemarketing Act, and Ohio Consumer Sales Practices Act. (Doc. 207, at 6). However, his motion to file a fourth amended complaint was not filed until July 12, 2017—two years after the allegedly impactful FCC declaratory ruling and more than four years after his third amended complaint was filed. (Doc. 199). While delay itself is not a sufficient reason to deny a motion for leave to amend, excessive delay may be considered as a factor in finding that leave to amend a complaint should be denied, along with bad faith, repeated failure to cure deficiencies in the complaint, undue prejudice to the opposing party, and futility of the amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff argues that it would have been illogical to expect him to amend his complaint to reflect the 2015 FCC ruling earlier than now because a ruling on Defendant's motion to dismiss Plaintiff's third amended complaint was held in abeyance from August 5, 2014 to June 5, 2017 while a petition for a declaratory FCC ruling filed by Plaintiff which could have been pertinent to this case was pending.[3] However, an analysis of the docket indicates that Plaintiff was an extremely active filer in this case even while his FCC petition was being reviewed up until the Court issued a complete stay

---

[3] That petition has not received a ruling to this day. This Court reopened the case on June 5, 2017 after determining that indefinitely waiting on an FCC decision that may never come was inappropriate. (Doc. 195).

on the case on August 20, 2015, more than a month after the 2015 FCC ruling. (Doc. 178). Plaintiff made several filings throughout the abeyance, including various motions for sanctions and motions related to discovery as well as regular status reports regarding his pending FCC petition. It is clear from the docket that Plaintiff has consistently remained an active advocate in this case.

Plaintiff claims that "[i]f that R&R [recommending denial of the third amended complaint] were rejected, the complaint would not need to be amended." (Doc. 207, at 3). This argument lacks merit. Plaintiff was aware that the Magistrate Judge had recommended dismissal of several claims from the third amended complaint as early as March 20, 2014. (Doc. 91). If, as Plaintiff now argues, an FCC declaratory ruling issued July 10, 2015 had "dramatically expanded the circumstances under which someone other than a physical caller may be held liable by the TCPA" (Doc. 199, at 3) and accordingly given Plaintiff additional grounds to support his claims, Plaintiff, who has been actively participating in this litigation for years regardless of the abeyance, should have made a filing amending his complaint to add these grounds for relief. For Plaintiff to say that informing the Court and Defendants of additional grounds for relief was only necessary in the event that his previous claims were dismissed smacks of gamesmanship rather than a good-faith effort to put Defendants on notice of the legal basis for the claims against them.

Defendants are clearly prejudiced by Plaintiff's attempt to file a fourth amended complaint. Several defendants who were dismissed from the case by this Court's previous Order (*see* Doc. 195) would be added back into the case by the proposed fourth amended complaint. (Doc. 199-1, at 1). These defendants will have to incur additional

significant time and expense in defending the new claims and revised legal basis for those claims raised in the new complaint. Defendants could have been put on notice of Plaintiff's view that the 2015 FCC Declaratory ruling provided support for his claims more than two years ago, which could have dramatically changed the parties' litigation strategy. Under these circumstances, the Court concurs with the R&R that the extreme prejudice caused to Defendants by a fourth amended complaint at this stage of the litigation is too great to grant Plaintiff's motion. This Court accordingly adopts that portion of the R&R recommending denial of Plaintiff's motion for leave to amend for procedural reasons.

The R&R also recommended in the alternative that Plaintiff's motion for leave to amend his complaint be denied for substantive reasons, as the proposed amendment would be futile. (Doc. 206, at 9–14). This Court, having already ruled that the motion should be dismissed for procedural reasons, need not and does not address this portion of the R&R (hence this Court adopts the R&R in part only).

This has been a long and contentious case, with over 200 filings in over five years, and vigorous advocacy from both sides, while being unable to progress beyond the filing of complaints and motions to dismiss. It is time for the remaining claims to progress in a more substantive fashion. The Court agrees with the Magistrate Judge's conclusion that this case should be "brought to a final conclusion at the earliest opportunity." (Doc. 206, at 14). Whether that occurs through a voluntary resolution of the parties or through trial is not the decision of this Court. However, the claims at this point are set, and it is time to get on with it.

Accordingly, for the reasons stated above,

1) Plaintiff's motion to amend the complaint (Doc. 199) is **DENIED;**

2) Plaintiff's request for further sanctions against Defendants (Doc. 203) is **DENIED**;

3) The Magistrate Judge shall call a conference of the remaining parties in this case at her convenience to discuss moving the case forward. If the parties at that conference cannot consent to court-facilitated mediation or trial before the Magistrate Judge pursuant to 28 U.S.C. §636(c), this Court at that time will schedule the remaining claims for trial.

**IT IS SO ORDERED.**

Date:  3/29/18

<u>*s/Timothy S. Black*</u>
Timothy S. Black
United States District Judge