**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VINCENT LUCAS,                                                    Case No. 1:12-cv-630

        Plaintiff,                                 Black, J.
                                                                     Bowman, M.J.

    v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

The above captioned case involves Plaintiff's allegations of illegal telemarketing practices. Seeking monetary damages and injunctive relief, Plaintiff initiated this litigation *pro se* on August 20, 2012.[1] On March 20, 2014, the undersigned recommended the dismissal of multiple claims in a Report and Recommendation ("R&R"), the disposition of which was initially stayed. (Docs. 91, 120). Although the stay lasted for more than three years, the R&R was fully adopted on June 5, 2017. (Doc. 195). Therefore, the only claims remaining in this case are claims that a now-dissolved

---

[1] Plaintiff has filed at least 8 lawsuits in this Court alone, all containing similar allegations of illegal telemarketing practices. In addition to the above captioned case, *see* Case No. 1:11-cv-409 (closed), Case No. 1:15-cv-108 (closed), Case No. 1:16-cv-790, Case No. 1:16-cv-1102, Case No. 1:16-cv-1127 (closed), Case No. 1:17-cv-47 (closed); Case No. 1:17-cv-374 (closed). Plaintiff also filed a "miscellaneous" case, Case No. 1:17-mc-02, that was administratively closed by Magistrate Judge Litkovitz as improperly opened because it related to an existing civil case. In addition, Plaintiff's filings in this Court allude to related litigation he has pursued in state court(s).

entity known as Defendant TMC,[2] and/or its alter ego, Defendant Fred Accuardi, "initiated" just two telephone calls to Plaintiff on September 7 and 9, 2011 in violation of the Telephone Consumer Protection Act ("TCPA"). For the reasons that follow, the undersigned now RECOMMENDS THAT THIS CASE BE DISMISSED in lieu of trial.

   **I.   Background**

In the March 2014 R&R that was eventually adopted by the Court, the undersigned found that, based on the allegations of the complaint, only TMC and Accuardi fell within the definition of a "telemarketer" under the TCPA for the two referenced calls. In recommending dismissal of all other claims,[3] the undersigned specifically rejected every theory of liability under state law, as well as all other federal theories of liability.

Evidence uncovered at the end of discovery strongly suggested that a different entity than either of the identified Defendants - a nonparty known as Sale Technology - had actually initiated the two calls. Seeking sanctions for a tardy discovery disclosure, Plaintiff informed the Court that evidence that neither of the identified Defendants had made the two offending calls was first produced on approximatley April 8, 2014, shortly after the March 2014 R&R was filed. (Doc. 122 at 3-4). Based upon that revelation, on November 18, 2014 the undersigned first accurately predicted the demise of this case. "Plaintiff concedes that if his objections are overruled and the R&R is eventually adopted, and if Defendants further can prove that TMC was not the caller, then he will

---

[2]Once TMC was dissolved, the Court granted counsel's motion to withdraw from representation of that entity.
[3]Among the claims rejected in the R&R were claims for "aiding and abetting" and "joint enterprise" liability, for "common law" liability, and for liability under related Ohio statutes or the Ohio Consumer Sales Practices Act, as well as claims for negligence, nuisance, invasion of privacy, and various claims for injunctive relief. (*See* Doc. 166 at 2-3, summarizing Doc. 91).

no longer be able to state a TCPA claim against TMC alone and/or Fred Accuardi as a "telemarketer" for the reasons expressed in the March R&R." (Doc. 138, Order at 3; *see also* Doc 178 at 2 (same)).

A few months later on February 26, 2015, the undersigned entered a Memorandum Order that, in addition to ruling on several motions, again pointed out that: "If Sale Technology is proven to be the true caller [of the two September 2011 calls] and the March 2014 R&R is adopted, the last remaining claims in this lawsuit will be subject to dismissal." (Doc. 166 at 17).

In an August 2015 Order, the undersigned reiterated:

> The only issue remaining in this case – absent rejection of the pending [March 2014] R&R – are the two "508" [area code] calls ostensibly made by a non-party [Sale Technology]. The time for TMC and Fred Accuardi to file a motion for summary judgment on those limited issues has expired, but they too could not be dismissed out completely, even if the Court permitted them to file a belated motion to prove that they were not the true caller" of the 508 calls, unless the long-pending R&R were to be fully adopted.

(Doc. 178 at 14-15).

Finally, in the most recent R&R dated October 26, 2017, I reiterated once again:

> Thus, as of June 5, 2017, only Plaintiff's limited TCPA claims concerning two calls allegedly made in September 2011 remain. The only Defendants that remain are TMC [dissolved] and Fred Accuardi. No one disputes that based on the present posture of this case, if the evidence shows that the non-party Sale Technology made the two calls rather than TMC and/or Accuardi, then neither of the remaining Defendants can be held liable as the "true caller."

(Doc. 206 at 6-7). The October 2017 R&R recommended denying Plaintiff's motion for leave to file a fourth amended complaint, primarily on procedural grounds, but alternatively on the merits.

On March 29, 2018, the presiding district judge adopted the October 2017 R&R in part, denying Plaintiff leave to file a fourth amended complaint on procedural grounds, but finding no need to reach the alternative recommendation to deny leave to amend on the merits. (Doc. 209). Noting that "[t]his has been a long and contentious case, with over 200 filings in over five years," the Court emphasized the undersigned's conclusion that this case should "be brought to a final conclusion at the earliest opportunity." (Doc. 209 at 4, quoting Doc. 206 at 14). In an attempt to encourage final resolution of the extremely limited remaining claims, Judge Black directed the undersigned to convene a conference of the case "to discuss moving the case forward," whether through court-facilitated mediation or trial. (*Id.* at 5).

On April 17, 2018, based upon the Court's March 29 Order prohibiting Plaintiff from further amendment and in light of the evidence (dating to 2014) that neither Defendant had physically placed the offending two telephone calls, Defendant Fred Accuardi filed a motion for sanctions under 28 U.S.C. § 1927. Defendant asserts that the statutory damages for each call, even if proven and trebled under the TCPA, amount to only $1,500 per call and that Plaintiff previously refused an offer of $5,000 to settle his claims against Defendant.[4] Defendant complains that he has "incurred tens of thousands of dollars in legal fees to defend [this] matter," and argues that Plaintiff has "willfully and intentionally" driven up the costs of defense based on the excessive

---

[4]In a written response in opposition to a prior motion for sanctions against the Accuardi Defendants, the Defendants similarly argued that they had 'incurred thousands of dollars in legal bills' after Plaintiff allegedly refused Defendants' settlement offer of $5,000 to resolve what Defendants describe as claims worth – at most - $7,600." The undersigned described "[s]everal things…wrong" with Defendants' response, before granting Plaintiff's motion for discovery sanctions under Rule 37. (*See* Doc. 138).

4

number of motions and other documents filed in this case. (Doc. 212 at 1). The statute under which the Defendant seeks sanctions states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.*

On May 7, 2108, Plaintiff moved for an extension of time, until May 21, 2018, to file his response to Defendants' motion based upon his representation that he has requested that Defendant withdraw the same motion under Rule 11, Fed. R. Civ. P.[5] Additionally, Plaintiff sought additional time due to his busy litigation schedule, since he also has an objection due to another R&R in another case. On May 8, the undersigned granted Plaintiff's motion for an extension of his response time by notational order.

On April 25, 2018, the undersigned convened a telephonic status conference pursuant to Judge Black's Order. Although no court reporter was present, Plaintiff readily conceded during that telephonic status call that under this Court's prior rulings and the law of the case, no triable issues remain in this case because neither of the identified Defendants was the "true caller" that placed the two offending telephone calls in September 2011. (*See* Minute Entry dated 4/25/18, stating "Plaintiff conceded that the remaining claims involve only two calls made or initiated by a non-party... Thus…there is no issue for trial"). Plaintiff urged the Court to enter judgment in favor of

---

[5]This is not the first time that Plaintiff has sought sanctions against the Defendants. (See Docs. 122, 133, 138, 165, 174, 174, 178). Plaintiff partially succeeded (twice) in obtaining discovery sanctions against Defendants under Rule 37, (Doc. 138, 178), although other requests for sanctions under other theories have been denied.

5

the Defendants, in order that Plaintiff can take an appeal to the Sixth Circuit Court of Appeals. At the conclusion of the call, the parties agreed that Plaintiff would file a statement of non-disputed facts or, preferably, a joint stipulation regarding the calls, following which the Court would enter judgment. (*Id*).

## II. Rule 41 Dismissal of this Case

The undersigned construes Plaintiff's oral motion to enter judgment so that he may pursue an appeal, together with his proposed stipulation of fact, as a motion to dismiss under Rule 41.

Regrettably, if unsurprisingly, the parties have not been able to agree on a "joint stipulation regarding the calls." However, on May 2, 2018, Plaintiff tendered the following "Statement of Facts" to this Court: "Fred Accuardi and Telephone Management Corporation, Inc. did not physically place the telephone calls from 508-475-1352 and 508-475-1394 that are the subject of this litigation." Defendant Accuardi tendered a separate version, which the undersigned finds no need to discuss.

The undersigned concludes that based upon the law of this case, particularly as set forth in the March 2014 R&R, Plaintiff's written proposed stipulation eliminates the sole remaining TCPA claims for the two September 2011 calls allegedly placed to Plaintiff's residence. Plaintiff has never alleged that either of those calls were placed to sell any direct product or service of TMC or of Defendant Accuardi. Plaintiff's initial pleadings were summarized as follows:

> The essence of Plaintiff's claims against all six [Accuardi-related] Defendants is that they are engaged in the marketing and sale of telephone numbers to telemarketers who engage in illegal practices, despite Defendants' knowledge that their customers (the telemarketers) are engaged in illegal activity.

6

> *********
> Perhaps the singular most important fact in this case is what is not alleged by Plaintiff [in his second amended complaint]. Notably, Plaintiff does not allege that any of the three entity Defendants, or [the] three individuals…are themselves engaged in telemarketing to Plaintiff's home. Rather, the basis of Plaintiff's claims against all six Defendants rests on theories of vicarious and contributory liability, including the Defendants' allegedly "long history of aiding telemarketers" by permitting and encouraging the use of Defendants' services for illegal telemarketing purposes. (Doc. 22 at 15). Plaintiff alleges that the entity Defendants "knew that their telephone numbers were being used for telemarketing calls that violate 47 U.S.C. §227(b)(1)(B) and 227(c)." (Doc. 20 at ¶50). …Plaintiff has never alleged (and Defendants deny) that any of the Defendants have personally placed telemarketing calls to his home.

(Doc. 91, quoting Doc. 37 at 5-7, summarizing Plaintiff's second amended complaint).

Despite his failure to allege that either of the remaining Defendants "personally placed telemarketing calls" in the first two versions of his complaint, Plaintiff filed a third amended complaint that – in stark contrast to earlier pleadings – alleged precisely that form of direct "telemarketer" liability. Thus, Plaintiff's third amended complaint alleged for the first time that:

> TMC [alone] either originated the telemarketing calls that I received in which 508-475-1352 and 508-475-1394 appeared on my Caller ID device, or they provided substantial assistance and support to the telemarketer who originated those calls knowing that the telemarketer was engaged in acts or practices that violate the Telephone Consumer Protection Act and rules promulgated thereunder." (Doc. 59 at ¶34). This allegation marks a clear departure from the allegations of Plaintiff's prior two complaints, which the Court previously noted did "not allege that any of the three entity Defendants, or three individuals…are themselves engaged in telemarketing to Plaintiff's home."

(Doc. 91 at 7-8).

In the March 2014 R&R, the undersigned rejected Plaintiff's multitude of alternative theories of liability under which he believed that one or both Defendants

could be held "vicariously" liable as a telemarketer/caller. (*See* Doc. 166 at 2-3, summarizing Doc. 91). However, based upon the new allegations in Plaintiff's third amended complaint that the two calls "may" have "originated" from Defendant TMC, and that Fred Accuardi was the alter ego of that Defendant, the undersigned recommended that a claim that TMC and/or Accuardi acted as the "telemarketer" that "initiated" the two calls be permitted to proceed.

> To the extent that Plaintiff is alleging that TMC alone actually originated telemarketing calls from two telephone numbers, Plaintiff is correct in arguing that he has adequately pleaded a TCPA violation against that single Defendant. <u>This is not vicarious liability, but instead direct liability under the TCPA, because TMC alone is accused of initiating a call as a telemarketer itself.</u> More specifically, the undersigned concludes that paragraphs 22, 32, and 34 of the third amended complaint, construed liberally, allege that TMC alone may have "originated" two calls received by Plaintiff… in which Plaintiff received a pre-recorded message in violation of 47 U.S.C. §227(b)

(Doc. 91 at 18, emphasis added; *see also* Doc. 91 at 33, holding that despite the "somewhat conclusory nature" of Plaintiff's allegations that Fred Accuardi was the alter ego of TMC, the allegations were "(barely) sufficient to state a theory of derivative personal liability against Defendant Fred Accuardi based upon Plaintiff's alleged TCPA claim against Defendant TMC alone.")

Plaintiff has now unequivocally stipulated that neither Defendant physically placed either call as a telemarketer, such that neither call "originated" from or was "initiated" by the Defendants. Plaintiff seeks the entry of judgment so that he may pursue an appeal. This Court can and should conclusively hold, based upon Plaintiff's tendered written stipulation, that neither of the Defendants can be held liable under the TCPA for Plaintiff's remaining claim that the Defendants are directly liable as

telemarketers under the TCPA. In short, Plaintiff concedes that he cannot prove his claim under this Court's prior rulings, and that there are no genuine issues of fact or law remaining for trial. Considering that no other theories of liability or claims remain, the Defendants are entitled to entry of final judgment.

### III. Defendant's Motion for Sanctions and Further Motion Practice

Defendant's motion for statutory sanctions against Plaintiff is dispositive, but not yet ripe. In his motion seeking an extension of response time until May 21, Plaintiff strongly implies that Plaintiff intends to file an additional motion seeking additional Rule 11 sanctions against Defendant Accuardi, based upon the Defendant's filing of his motion. There is little doubt that Plaintiff's anticipated responsive motion will evolve into a new round of extensive and expensive - in terms of litigation and judicial costs - briefing by both parties.

It should be clear from the review of the record set forth herein that: (1) Plaintiff became aware that Sale Technology and not either of the lone remaining Defendants was the "true caller" (i.e., "initiated" the two offending September 2011 calls) sometime in 2014, prior to the close of discovery; (2) notwithstanding knowledge of that fact, Plaintiff continually opposed the legal conclusions and recommendations of the March 2014 R&R, which predictably foreclosed his lone remaining claims against the two Defendants, until that R&R was finally adopted as the opinion of the Court on June 5, 2017; (3) Plaintiff continues to believe that the rulings of this Court have been erroneous and that the novel theories on which his claims were based remain viable; (4) Plaintiff seeks the entry of judgment solely so that he may appeal to the Sixth Circuit; and (5)

Defendant does not oppose the entry of judgment in his favor by this Court, but will oppose any appeal taken.

Should the parties continue to brief the Defendant's pending motion for sanctions, and should Plaintiff file a further Rule 11 motion (or similar motion for counter-sanctions), the undersigned will resolve whatever motions are pending to the best of her abilities, assuming that such post-judgment motions remain referred to her. At the same time, and fully recognizing that this advice is likely to fall upon deaf ears, the undersigned would implore both parties to carefully consider the continued "scorched earth" policies of pursuing further motion practice in light of the recommended dismissal of Plaintiff's remaining claims against the two Defendants.

### IV. Conclusion and Recommendation

For the reasons stated herein, and in light of the unique and extensive history of this case, **IT IS RECOMMENDED THAT** Plaintiff's remaining claims against the two remaining Defendants, concerning two calls made in September 2011, should be **DISMISSED WITH PREJUDICE** under Rule 41(a)(2). **IT IS FURTHER RECOMMENDED THAT** final judgment be entered in favor of the Defendants, and that this case be **CLOSED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VINCENT LUCAS,                                            Case No. 1:12-cv-630

       Plaintiff,                                   Black, J.
                                                   Bowman, M.J.

      v.

TELEMARKETER CALLING FROM (407) 476-5670
AND OTHER TELEPHONE NUMBERS, et al.,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written Objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All Objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the Objections. A party shall respond to an opponent's Objections within **FOURTEEN (14) DAYS** after being served with a copy of those Objections. Failure to make Objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11