# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

VINCENT LUCAS,

   Plaintiff,

v.

TELEMARKETER CALLING FROM (407) 476-5680
AND OTHER TELEPHONE NUMBERS, et al.,

   Defendants.

Case No. 1:12-cv-630

Black, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

This case has a long and protracted procedural history, only a portion of which is recounted herein.

**I. Background**

Plaintiff filed suit against multiple Defendants seven and a half years ago, seeking to recover damages for alleged violations of state and federal laws relating to telemarketing practices. (Doc. 1). Plaintiff filed a third amended complaint against nine Defendants on October 31, 2013, and eventually obtained default judgments against three of those Defendants for certain identified telephone calls.[1] (Docs. 51, 52, 130). On March 20, 2014, the undersigned recommended the dismissal of all state and federal claims against the other six Defendants, except for Plaintiff's federal Telephone

---

[1] It is unclear whether Plaintiff seeks additional recovery against the remaining Defendants under a vicarious liability claim for some of the same calls for which he previously obtained default judgments.

1

Consumer Protection Act ("TCPA") claims against Defendant Telephone Management Corporation ("TMC")[2] and Defendant Fred Accuardi (Count I) concerning two specific telephone calls made in September 2011. (Doc. 91 at 34).

After that Report and Recommendation ("R&R") was filed, on June 18, 2014, Plaintiff filed a petition seeking an expedited declaratory ruling from the Federal Communications Commission ("FCC"). In his petition, Plaintiff requested that the FCC "clarify that a person is vicariously or contributorily liable if that person provides substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates the TCPA." *See* DA 14-976, Public Notice seeking comment on petition for Expedited Declaratory Ruling filed by Vincent Lucas, CG Docket No. 02-278. Plaintiff followed up his petition by moving this Court to stay all proceedings, including review of the pending R&R, until such time as the FCC ruled on his petition.

On August 5, 2014, the Court granted Plaintiff's motion for a stay of proceedings, declining to rule on the March 20, 2014 R&R until the FCC ruled on the petition. The Order included the following language: "**THE COURT URGES THE FCC TO ACT PROMPTLY UPON THE CONCLUSION OF THE COMMENT PERIOD, AS THIS ISSUE HAS WIDESPREAD IMPLICATIONS.**" (Doc. 120 at 12, emphasis original). Although the public comment period expired on August 25, 2014, the FCC has never issued any final ruling on the June 18, 2014 petition.

---

[2]Defendant TMC no longer exists as a legal entity. (*See* Minute Entry of 10/21/17, granting Doc. 197, motion to withdraw as counsel for an entity that had been dissolved).

After this federal case had been stayed for nearly three years, the Court lifted the stay, explaining that the Court "no longer feels that waiting indefinitely for the FCC's ruling on the petition is appropriate." (Doc. 195 at 6).[3] The Court adopted the long-pending March 2014 R&R at the same time, on June 5, 2017. That ruling left only Plaintiff's TCPA claims concerning two telephone calls made on separate days in September 2011. Subsequently, the undersigned recommended that Plaintiff's motion for leave to file a fourth amended complaint be denied on procedural grounds, or alternatively, because the fourth amended complaint failed to state a claim on the merits (Doc. 206).

Judge Black adopted the portion of the R&R that denied Plaintiff leave to amend on procedural grounds, declining to reach the alternative argument on the merits.[4] (Doc. 209). Judge Black noted that Plaintiff had argued in favor of further amendment that the FCC's ruling in *In Re Rules and Regulations* supported "his claim that Defendants can be held liable for various violations of" the TCPA, the OTA and OCSPA. (Doc. 209 at 2). However, Judge Black held that Plaintiff had engaged in excessive delay in raising the FCC 2015 ruling, and that the previously dismissed Defendants would be extremely prejudiced if Plaintiff were permitted to further amend his complaint at such a late date to add in new claims based upon *In re Rules and Regulations*. (*Id.* at 3-4). Thus,

---

[3] By the time that the stay was lifted, this case had been reassigned to U.S. District Judge Black.
[4] The undersigned's alternative analysis on the merits reasoned that the retroactive application of *In re Rules and Regulations*, FCC 15-72, was "dubious" and/or it did not save Plaintiff's claims. The undersigned also pointed out that Judge Black had had the opportunity to consider Plaintiff's argument prior to overruling his Objections to the March 2014 R&R. (Doc. 206 at 10-12; *see also id* at 13, declining to address Defendant's additional arguments that post-March 2014 authorities support the dismissal of the TCPA claims for vicarious liability).

3

discovery remained restricted to the two calls identified in Plaintiff's third amended complaint that allegedly had been initiated by TMC and/or Fred Accuardi (Count I).

After a period of discovery, on May 9, 2018, the undersigned recommended the dismissal of the remaining claims based upon evidence that a non-party was the "true caller" and Plaintiff's concession that neither TMC nor Fred Accuardi had physically "initiated" either of the two calls. (Doc. 214). That R&R was adopted on June 6, 2018. (Doc. 216). On May 29, 2019, the Court of Appeals for the Sixth Circuit affirmed this Court's judgment. (Doc. 221).

Five months later, however, the Sixth Circuit granted in part a petition for rehearing. (Doc. 222). In its November 1, 2019 Order, the original panel explained that although Mr. Lucas's petition had garnered no support for rehearing *en banc*, the panel had decided to grant a partial rehearing "with respect to the disposition of Lucas's federal claim and any state claim deemed to be derivative of the federal [TCPA] claim." (Doc. 222 at 3). As the Sixth Circuit acknowledged, when the undersigned filed the March 2014 R&R that recommended the dismissal of Plaintiff's TCPA claim, the undersigned relied upon an FCC declaratory ruling that offered guidance on the parameters of vicarious liability under the TCPA. *See In re Dish Network*, LLC, 28 FCC rcd. 6574, 6583, ¶26 (2013) ("In re Dish Network"). When it adopted the R&R, the presiding district judge also relied upon *In re Dish Network*, as did the Sixth Circuit in its May 29, 2019 decision affirming the judgment.

However, in the intervening years that elapsed after the March 2014 R&R had been filed but before it was adopted in June 2017, the FCC had issued two additional decisions, *In re Rules & Regulations Implementing the Telephone Consumer Protection*

4

*Act of 1991*, 30 FCC Rcd. 7961 (2015) ("*In re Rules & Regulations*") and *In re Dialing Services, LLC*, 32 FCC Rcd. 6192 (2017) ("*In re Dialing Services*"). In the order directing remand, the Sixth Circuit explained that the prior ruling by this Court and the original panel decision afforded "too much weight to *In re Dish Network*, without adequately considering the FCC's subsequent decisions in *In re Rule & Regulations* and *In re Dialing Services*." (Doc. 222 at 8). The appellate court explained that in those later decisions, the FCC "adopted a 'totality of the circumstances' test" to determine whether a platform provider "is so involved in placing the calls as to be deemed to have initiated them." (Doc. 222 at 8-9).

The Sixth Circuit explicitly declined to determine whether *In re Rule & Regulations* and *In re Dialing Services* should be retroactively applied, or whether, assuming their application, how they should be interpreted and whether the Plaintiff's claims would still be dismissed.[5] Instead, the court merely pointed out that Plaintiff had included in his third amended complaint allegations that three entities known as "the TMC Group" should be held liable because they knew that their telephone numbers were being used for illegal telemarketing calls in violation of the TCPA, and because they knowingly assisted their clients in making illegal calls. Both allegations were "*consistent with* the factors announced in *In re Rules & Regulations*." (Doc. 222 at 9, emphasis added). Thus, the appellate court remanded so that this Court might consider in the first instance "[t]he applicability of both [FCC] decisions" decided after the March

---

[5]The import and interpretation of both FCC rulings continues to be the subject of much litigation. In *ACA International v. Federal Communications Commission*, 885 F.3d 687 (D.C. Cir. 2018), for example, the DC Circuit struck down portions of *In re Rules and Regulations* after concluding that portions of that ruling violated *Chevron U.S.A. Inc. v. Nat'l Res. Def. Council, Inc*., 467 U.S. 837, 842-43 (1984).

5

2014 R&R. (Doc. 222 at 9). The court further instructed this Court "to inquire as to the status of Lucas's June 18, 2014 petition to the FCC for a declaratory ruling." (*Id.* at 10).

Following remand, the undersigned directed Plaintiff "to advise the Court… of the current status of his June 18, 2014 petition to the Federal Communications Commission." (Doc. 224). Plaintiff responded by stating that "[t]he FCC does not respond to petitioners' questions about when it will make a ruling on their petitions" and suggesting that this Court instead make such inquiry. (Doc. 225). On January 22, 2020, Plaintiff moved this Court to "vacate its protective order and allow discovery to occur forthwith." (Doc. 226).

## II.  Plaintiff's Motion to Vacate the Protective Order

Plaintiff seeks to vacate a protective order entered by Minute Entry nearly six years ago on April 16, 2014, which order precluded discovery on numerous claims as to which the undersigned had recommended dismissal in the March 2014 R&R. (*See also* Doc. 166). The prior protective order stayed discovery that related to both state and federal claims that the March 2014 R&R rejected, including TCPA claims against the "TMC Group" (three related Defendants that included the now-dissolved entity, TMC, Pacific Telecom Communications Group ("PacTel") and International Telephone Corporation ("ITC")), as well as TMC President Fred Accuardi, PacTel CEO Steve Hamilton, and F. Antone Accuardi, identified as the lawyer for the TMC Group. All of the referenced claims were dismissed when Judge Black adopted the March 2014 R&R on June 5, 2017, with the exception of the September 2011 "two calls" TCPA claim against the single entity, TMC, and Fred Accuardi.

6

During the years prior to Judge Black's adoption of the March 2014 R&R when proceedings in this case remained stayed, the undersigned issued a written Order denying Plaintiff's motion to vacate the same protective order in order to pursue discovery on all of the claims as to which the undersigned had recommended dismissal:

> To reopen broad discovery on all of Plaintiff's claims would – on a practical level – ignore the fact that the undersigned has previously recommended that those same claims should be dismissed for failure to state a claim. In that sense, the Court would ostensibly be permitting futile discovery against Defendants who may be dismissed out, a result clearly contrary to Rule 26. On the other hand, Judge Spiegel's opinion in granting Plaintiff's motion for a stay – while not rejecting the March 2014 R&R – implied that he held reservations about dismissing the vast majority of Plaintiff's vicarious liability [TCPA] claims on the grounds that the undersigned recommended. By contrast, Judge Spiegel's August 2014 opinion and order was wholly silent about most of the claims and Defendants addressed in the March R&R (i.e., state law claims, other federal claims, common law claims, etc.). Whether Judge Spiegel ultimately would have adopted or rejected the March 2014 R&R, and/or whether he would have considered alternate grounds for dismissal will never be known.[] Likewise, the timing and nature of the FCC decision remains unknown.
>
> However, this case has been recently reassigned to U.S. District Judge Timothy S. Black. While bound by the doctrine of the law of the case, Judge Black remains free to make new rulings on any matters not yet definitively decided. In imposing a stay in August 2014, Judge Spiegel clearly hoped for and anticipated a prompt FCC ruling. … In view of the lack of the anticipated prompt disposition, Judge Black presumably remains free to lift the procedural stay…. Should Judge Black choose to do so, his adoption or rejection of the pending R&R and disposition of the motion to dismiss will provide clearer illumination of the future course of discovery.
>
> Therefore, Plaintiff's motion will be denied pending further procedural review…by Judge Black. Should Judge Black determine that a continued stay …is prudent …then the undersigned will consider whether it makes the most sense to reopen broad discovery on the vicarious liability claims alone under the TCPA, without a similar reopening of discovery on other federal claims, state claims, and/or common law theories of liability such as negligence (all of which claims were also rejected in the March 2014 R&R).

7

(Doc. 166, Order filed 2/26/15 at 11-12)[6]

After Judge Black adopted the March 2014 R&R in full, there was no basis on which to reopen discovery on those dismissed claims and Defendants. Instead, discovery was permitted to continue only as to the TCPA claim for two September 2011 telephone calls. As discussed, that discovery ultimately revealed that neither of the remaining Defendants had physically "initiated" those calls.

Now that the Sixth Circuit has reversed and remanded to this Court to reconsider Plaintiff's theory of vicarious liability under the TCPA against the three entities identified as the TMC Group and related individual Defendants, as well as "any state claim deemed to be derivative of the TCPA claim, in light of *In re Rules & Regulations* and *In re Dialing Services*," Plaintiff once again seeks to reopen broad discovery on all claims included in his third amended complaint.

Plaintiff's motion to vacate the protective order in order to pursue such broad discovery will be denied for two reasons. First, the Sixth Circuit's November 1, 2019 Order left undisturbed the dismissal of all claims against all six Defendants except for Plaintiff's federal "vicarious liability" claim under the TCPA and "any state claim deemed to be derivative of" that federal claim, which Judge Black previously suggested would be Plaintiff's OTA and OCSPA claims. (Doc. 209). The November 1 order was clear in stating that the panel was vacating its prior order only "in part." (*See* Doc. 222 at 8, granting rehearing only as to the claim that Defendants "may be held vicariously or

---

[6]The referenced quotation omits internal footnote 5, which points out that the March 2014 R&R declined to address an alternative argument by Defendants that they did not meet the definition of a "seller" under the TCPA considering the undersigned's conclusion that Defendants could not be held vicariously liable.

8

contributorily liable under the TCPA based on their knowledge that their telemarketer clients were using the numbers that the defendants assigned to them to make illegal calls to Lucas and whether the defendants' alleged assistance in making those calls was sufficient to subject them to TCPA liability"). Because the Sixth Circuit left undisturbed this Court's dismissal of multiple other claims on other grounds, vacating the protective order that precluded discovery on those dismissed claims is not appropriate. (*See, e.g.*, Doc. 206 at 3, n.3, summarizing rejected claims). At most, discovery on remand will be limited to Plaintiff's vicarious liability claim under the TCPA and any "derivative" state claim. (Doc. 222 at 10).

However, discovery on the vicarious liability TCPA claims is not *yet* appropriate, because the remand order directs this Court to first consider issues of law concerning the viability of Plaintiff's claims. The Sixth Circuit explained that its May 29, 2019 order "did not fully consider whether the defendants could be deemed to have initiated the calls in light of [two] factors" discussed in the FCC's Declaratory Ruling 15-72, *In re Rules & Regulations*, and "consequently did not adequately consider the degree of deference, if any, due to the agency's rulings under the principles articulated in *Auer v. Robbins*, 519 U.S. 452, 461 (1997), and *Kisor v. Wilkie*, 139 S. Ct. 2400, 2413-14 (2019)." (Doc. 222 at 9). Although the appellate court explained that the applicability of the FCC's 2015 and 2017 decisions "should be first considered by the district court," and that this Court also should consider any information gleaned from inquiring about the status of Plaintiff's long-pending FCC petition, the appellate court pointedly declined to direct the outcome of this Court's further review. Contrary to Plaintiff's interpretation, the appellate court did not specifically hold that his third amended complaint "alleged

9

sufficient facts to state a claim" under *In re Rules & Regulations* but stated only that certain allegations against the "TMC Group" were "consistent" with that FCC ruling.[7] Thus, no Court has yet determined whether Plaintiff's third amended complaint does or does not state any viable claim in light of the FCC's rulings in *In re Rules & Regulations* and *In re Dialing Services*, even if this Court determines those rulings are fully applicable. To sum up, Plaintiff's motion to vacate the existing protective order and reopen broad discovery on all previously dismissed state law claims as well as the recently remanded TCPA and any "derivative" claims asks for too much, too soon.[8]

To date, although Plaintiff has referenced the 2015 and 2017 FCC rulings in various memoranda and objections presented to Judge Black, and in arguments made before the Sixth Circuit on appeal, Plaintiff's arguments (and Defendants' corresponding responses) have been fragmented and piecemeal. In light of the clarification of the issues of law presented by the Sixth Circuit's May 29, 2019 and November 1, 2019 Orders, and to provide a path forward that benefits the parties and the public in expediting this Court's review, the undersigned will set a deadline by which Defendants may re-file any new motion to dismiss relating to the claims presented in Plaintiff's third amended complaint.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED**:

---

[7]The "TMC Group" consists only of three corporate Defendants but does not include the three individual Defendants. (*See* Doc. 222 at 3, n.1).
[8]A lot has happened in the years between the filing of the March 2014 R&R and the present time, including Plaintiff's pursuit of multiple additional lawsuits in this Court against other Defendants for allegedly illegal telemarketing practices. It is unclear whether any of the later lawsuits concerned any of the same telephone calls at issue in this case.

1. Plaintiff's motion to vacate the April 16, 2014 protective order that precluded all discovery on claims that were previously dismissed by this Court (Doc. 226) and to schedule a new status conference is **DENIED at this time;**

2. On or before **March 25, 2020**, the six Defendants referenced in the November 1, 2019 Order of rehearing may file any new motions directed to the third amended complaint;

   a. If Defendants choose to file a new motion, the motion must address (*at a minimum*) all issues directed to this Court to consider in the first instance, as referenced in the Sixth Circuit's Order granting rehearing in part. If no timely motion is filed, the undersigned will reconsider Plaintiff's request to vacate the stay as to the specific claims addressed in the November 1 Order;

   b. Consistent with the undersigned's General Order and the Local Rule, any memoranda filed in support of or in opposition to any motion shall not exceed twenty (20) pages. However, any reply memoranda shall not exceed fifteen (15) pages.

3. In addition to any new motion filed by any Defendant(s), Plaintiff shall, as soon as practicable but not later than **March 20, 2020**, submit a prepared proposed Order to this Court that directs the FCC to provide an update on the status of Plaintiff's long-pending June 18, 2014 petition as well as provide an address to which the Court may direct its Order.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge