FILED
RICHARD W. NAGEL
CLERK OF COURT

2020 MAR 17 PM 12:04

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,

    Plaintiff,

v.

TELEMARKETER CALLING FROM (407) 476-5680
AND OTHER TELEPHONE NUMBERS, et al.,

    Defendants.

Case No. 1:12-cv-630

Black, J.
Bowman, M.J.

## MEMORANDUM ORDER

**I.   Background**

On March 20, 2014, the undersigned filed a Report and Recommendation ("R&R") that recommended dismissal of certain "vicarious liability" claims presented by the Plaintiff in this case. On June 18, 2014, Plaintiff filed a Petition for Expedited Declaratory Ruling with the Federal Communications Commission (FCC). On July 9, 2014, the FCC released a Public Notice (DA 14-976), CG Docket No. 02-278, 29 FCC Rcd 8227 (11), seeking comments from the public on the petition. The comment period expired on August 25, 2014.

On August 5, 2014, the then-presiding district judge initially stayed proceedings in this Court and referred the issues to the FCC under the "primary jurisdiction doctrine" set forth in *Charvat v. EchoStar Satellite*, LLC, 630 F.3d 459 (6th Cir. 2010) ("Charvat

I"). (Doc. 120). The August 5, 2014 Order[1] urged "**THE FCC TO ACT PROMPTLY UPON THE CONCLUSION OF THE COMMENT PERIOD, AS THIS ISSUE HAS WIDESPREAD IMPLICATIONS.**" (*Id.*, Exh. A, Order at 12, emphasis original). However, after years passed without action from the FCC, this Court lifted its stay and resumed proceedings under its own jurisdiction, ultimately ruling in Defendants' favor on a long-pending motion to dismiss. In a May 29, 2019 Order addressing an appeal of that decision, the U.S. Court of Appeals for the Sixth Circuit at first wholly affirmed, concluding in part that the relevant *Charvat I* factors did not preclude a ruling by this Court. (Doc. 221). Five months later in a November 1, 2019 Order, however, the same panel partially granted Lucas's petition for rehearing on other issues.[2] (Doc. 222).

The November 1, 2019 Order vacated the May 29, 2019 Order <u>only in part</u>, remanding specifically for reconsideration of two FCC decisions that had been decided in the intervening years between March 20, 2014, when the undersigned first filed the R&R that recommended dismissal of Plaintiff's "vicarious liability" claims, and June 5, 2017, when that R&R was adopted. Despite leaving intact the portion of its May 29, 2019 Order that held that *Charvat I* factors did not mandate referral to the FCC, the Sixth Circuit agreed on rehearing that this Court should *inquire* about the status of Lucas's long-pending Petition. Consistent with that FCC Petition, "[a] key issue in the case concerns whether the defendants may be held vicariously or contributorily liable under the TCPA based on their knowledge that their telemarketer clients were using the numbers that the defendants assigned to them to make illegal calls to Lucas and

---

[1] For the convenience of the FCC to which this Order is directed, a copy of the August 5, 2014 Order has been appended to this Memorandum Order as Exhibit A.
[2] A copy of the November 1, 2019 Order of the appellate court has been appended to this Memorandum Order as Exhibit B.

2

whether the defendants' alleged assistance in making those calls was sufficient to subject them to TCPA liability." (Doc. 222 and Exhibit B at 7). Thus, in its Order granting Lucas's petition for rehearing in part and vacating in part its May Order, the Sixth Circuit specifically directed this Court to "inquire as to the status of Lucas's June 18, 2014 petition to the FCC for a declaratory ruling." (*Id.* at 9). Pursuant to that instruction, this Order follows.

## II. The Potential Impact of Any FCC Decision on Plaintiff's Petition

As of the date of this Memorandum Order, Plaintiff's FCC Petition has been pending for more than five years, and appears to be the second oldest TCPA petition pending before the FCC.[3] In light of the length of time that the Petition has been pending without action, it remains unclear whether the Petition continues to be considered by the FCC; and if so, when the FCC will issue any decision. The Administrative Procedures Act generally requires the FCC to act "within a reasonable time" and "[w]ith due regard for the convenience and necessity of the parties". 5 U.S.C. § 555(b). Although the FCC is not a party to the above-captioned case and this Court has been instructed by the Sixth Circuit to consider the FCC's recent decisions in the first instance, any decision on Plaintiff's petition remains likely to impact the issues pending before this Court.

## III. Conclusion and Order

Accordingly, **IT IS ORDERED**:

1. The Clerk of Court shall transmit a copy of this Order to the Federal Communications Commission, by U.S. Postal Service First Class, Express, or

---

[3]*See Kelley Drye TCPA FCC Petitions Tracker*, accessed on March 13, 2020 at https://www.kelleydrye.com/News-Events/Publications/Client-Advisories/TCPA-FCC-Petitions-Tracker.

Priority mail, to the following address: ATTN: Consumer & Governmental Affairs Bureau, Federal Communications Commission 445 12th St., SW Washington, DC 20554;

2. In accordance with the Sixth Circuit's Nov. 1, 2019 Order directing this Court to "inquire" about the status of the pending Petition, <u>this Court directs the Federal Communications Commission to provide this Court with a written update on the status of Plaintiff's Petition</u>, including:

   a. Whether the Petition is still under consideration by the FCC;

   b. An estimate, to the best of the FCC's knowledge and ability, concerning the date of any anticipated ruling on the Petition;

3. To ensure receipt and filing of the FCC's response, the FCC's written status report shall include the above-captioned case caption and case number and shall be filed with the Clerk of Court of the Southern District of Ohio **on or before May 1, 2020.** The U.S. Postal address to which the status report should be mailed is 100 E. 5th St., Room. 103, Cincinnati, OH 45202.

*Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge