UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,

    Plaintiff,

v.

TELEMARKETER CALLING FROM (407) 476-5680
AND OTHER TELEPHONE NUMBERS, et al.,

    Defendants.

Case No. 1:12-cv-630

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On September 8, 2020, the undersigned entered a Memorandum Opinion and Order that granted in part and denied in part Plaintiff's Motion seeking an Order to require Defendant Fred Accuardi to enter an appearance and to participate in discovery, or alternatively, to be held in default. (Doc. 247). Because Defendant has failed to comply with this Court's last Order, the undersigned now recommends that his answer be stricken and that a default be entered against him.

**I.    Background**

Plaintiff filed suit against multiple Defendants more than eight years ago, seeking to recover damages for alleged violations of state and federal laws relating to telemarketing practices. (Doc. 1). Plaintiff filed a third amended complaint on October 31, 2013, and obtained default judgments against three of the identified defendants. (Docs. 51, 52, 130). On March 20, 2014, the undersigned recommended the dismissal of most

1

claims against the remaining six Defendants, while allowing a TCPA claim to proceed against Defendant Telephone Management Corporation ("TMC") and Defendant Fred Accuardi concerning two telephone calls made in September 2011. (Doc. 91 at 34). That R&R was adopted by the presiding district judge in June 2017. (Doc. 119).

On June 6, 2018, the remaining TCPA claim was dismissed. (Docs. 214, 216). Plaintiff appealed. The Sixth Circuit initially affirmed this Court's judgment, (Doc. 221), but subsequently granted in part a petition for rehearing, limited to the "disposition of Lucas's federal claim and any state claim deemed to be derivative of the federal [TCPA] claim." (Doc. 222 at 3). In its Order directing remand on the early dismissal of those claims, the Sixth Circuit directed this Court to consider, in the first instance, the applicability of two FCC decisions that had been filed after the 2014 R&R recommending dismissal. (*Id.* at 9).

Following remand, the undersigned directed the six Defendants impacted by the remand Order to file a new motion to address (at a minimum) all issues that were referenced by the Sixth Circuit. (Doc. 227). No motions were filed. Instead, Plaintiff filed an application seeking the Entry of Default against five Defendants,[1] and defense counsel moved to withdraw. (Docs. 233, 236, 239). The undersigned granted both motions. (Docs. 242, 243). Thus, as of June 18, 2020, Fred Accuardi remains the lone Defendant against whom no default has been entered on the reinstated vicarious liability claims.

On June 23, 2020, Plaintiff moved for an order requiring Fred Accuardi to enter an appearance, to comply with Rule 26(f) and 26(a)(1), or alternatively, to enter a default

---

[1] Plaintiff's withdrew his application as to Defendant Fred Accuardi because that Defendant had filed an Answer for the sole TCPA claim that this Court initially permitted to proceed. (*See* Doc. 198).

2

against Fred Accuardi. (Doc. 244). Based on an ambiguity in the record, the undersigned partially granted and partially denied that motion in order to allow Defendant additional time to clarify whether he intended to mount a pro se defense against the reinstated claims. (*See* Doc. 247 at 9: "To eliminate any lingering uncertainty and provide the pro se Defendant with all the process that is due, the Court will require Defendant Fred Accuardi to file a status report within twenty (20) days that expressly either confirms or denies his abandonment of all defenses in this case concerning the reinstated and remanded vicarious liability claims."). To the extent that Defendant might yet seek to defend against the claims, the Court granted Plaintiff's request that the Defendant be directed to immediately participate in a Rule 26(f) conference. However, the Court signaled that the entry of default followed by a default judgment was likely if the Defendant refused to appear.

> If Defendant is unwilling to appear in this Court to defend against the reinstated vicarious liability claims, then this Court will assume that all facts alleged by Plaintiff are admitted and that the legal claims that the Sixth Circuit has deemed to be at least "consistent with" the more recent FCC rulings state at least a plausible claim to support a judgment. When considering whether a complaint states a claim in relation to a default judgment, the court accepts the allegations in the complaint as true.

(*Id.* at 8). The Court also issued a strong warning to Defendant concerning the suggestion in the record that he was refusing service by mail of documents sent to him by the Plaintiff. (*See id.* at 6, citing Doc. 240 at 6; Doc. 239-1).

The Court served the September 8, 2020 Order on Defendant by both ordinary first class mail and by certified mail. The first class mail was not returned, indicating receipt. However, the certified mail was returned as "refused," reflecting an intentional refusal to

3

accept service. (Doc. 248). Defendant Accuardi also failed to file the written status report within the time allotted by the Court, confirming the strong suggestion of his abandonment of all defenses, as already noted in the record. The Court's last Order made clear that an entry of default would follow should Defendant Accuardi fail to comply with any portion of the Order.

> Defendant Fred Accuardi shall file a written status report **within twenty (20) days of the filing date of this Order** If Defendant Fred Accuardi fails to comply with any portion of this Order, this Court will consider him to have abandoned all defenses to the reinstated vicarious liability claims and to be willfully refusing to participate in discovery in this case, **for which an appropriate sanction would be the entry of default on the reinstated claims**.

(Doc. 247 at 10, ¶4).

## II. Analysis

At this point in time, the partial Answer that Fred Acuardi filed through prior counsel on June 19, 2017, (Doc. 198), should be stricken as a sanction for his refusals to appear, to respond to the reinstated claims on remand,[2] and to comply with Rule 26(f) or this Court's last order directing him to do so. Rule 37(b)(2)(A) provides:

> If a party …fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> ***
> (iii) striking pleadings in whole or in part.

*Id.* The Sixth Circuit has explained that prior to considering discovery sanctions, a trial court should consider: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the opposing

---

[2] Defendant's original Answer addressed only the single claim permitted to proceed, and did not address the then-dismissed claims that have been reinstated on remand.

4

party's failure to cooperate in discovery; (3) whether the sanctioned party was warned that failure to cooperate could lead to severe sanctions; and (4) whether less drastic sanctions were imposed or considered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-155 (6th Cir. 1988)). Each of these factors favors striking Defendant's answer in this case.

Based upon Defendant's failure to appear and the recommended striking of the earlier Answer, the Clerk of Court also should enter a default. Although the entry of a default often is a ministerial matter under Rule 55(a), it is included in this Report and Recommendation because it so closely relates to the striking of the prior Answer.

### III.  Conclusion and Recommendations

For the reasons discussed, **IT IS RECOMMENDED THAT:**

1. Defendant Fred Accuardi's Answer to the Third Amended Complaint (Doc. 198) should be STRICKEN;

2. The Clerk of Court should enter a default against Fred Accuardi under Rule 55(a), Fed. R. Civ. P., on all remanded claims, based upon his failure to appear.

 s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,　　　　　　　　　　　　　　　Case No. 1:12-cv-630

　　　　Plaintiff,　　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　v.

TELEMARKETER CALLING FROM (407) 476-5680
AND OTHER TELEPHONE NUMBERS, et al.,

　　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6